LOUIS FLEISCHMANN, Appellant, *v.* JAMES GORDON BENNETT, Respondent.

An innuendo in a complaint in an action for libel does not enlarge the matter set forth in the alleged libelous words, but only explains their application ; and when not justified by the statements to which it refers, so that rejecting it the words are not libelous, a demurrer to the complaint will lie.

The provision of the Code of Civil Procedure (§ 535) dispensing with the necessity, in an action for libel, of stating extrinsic facts showing the application of the defamatory matter to the plaintiff, and making a general averment that it was published of and concerning him sufficient, does not aid the plaintiff where the general averment is contradicted and rendered nugatory by other allegations; as where the complaint denies plaintiff's connection with the facts stated in the alleged libelous matter, and he is not therein charged in any manner, either directly or indirectly, with being so connected.

In an action for libel, one count of the complaint, after stating that plaintiff was and had been in business at a place named, alleged that defendant published of and concerning him the libel thereinafter set forth ; that he was not in any manner a copartner, owner or agent in any business such as is described in the alleged libelous article, a copy of which was then given. This article had reference solely to a business which it was stated therein was carried on by the firm of G., F. & Co., and was directed against that firm and its business. Innuendoes were inserted in the complaint, alleging that the article had reference to and meant defendant. *Held,* that a demurrer to said count was properly sustained ; that it could not be claimed that any other persons besides the members of the firm were referred to or intended to be included in the libelous charges, and as the article neither described nor referred to the plaintiff or his business, but named a different business, and a firm, of which plaintiff alleged he was not and never had been a member, he could not be in any way connected with the libel complained of ; also, that the averments that the publication was of and concerning the plaintiff did not obviate the difficulty.

The complaint set forth six different alleged libelous articles published by

defendant at different times, each of which was separately numbered. *Held*, that the complaint could not be considered as embracing but one cause of action, or that one of the defamatory articles was set out as matter of inducement to the others; but that it set forth separate and distinct causes of action.

(Argued November 23, 1881 ; decided December 15, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, in favor of defendant, entered upon an order made December 13, 1880, which reversed an interlocutory judgment in favor of plaintiff, entered upon an order overruling a demurrer to a portion of the complaint. (Reported below, 23 Hun, 200.)

This action was for libel. The complaint set forth six separate and distinct articles alleged to be libelous, and to have been published by defendant in the New York *Herald*, each of which was separately numbered. Defendant demurred to the portions of the complaint containing the first and second articles, which were claimed to be separate and distinct causes of action, on the ground that it appeared by those portions of the complaint that the articles were not published of and concerning the plaintiff, and so that they stated no cause of action.

It was alleged in the complaint at its outset that the plaintiff had never been guilty of any violations of the laws of this State, nor been in any manner a copartner, owner or agent in any business or calling such as described in the libel thereinafter set forth, or in the production of milk, or distillery swill or distillery wastes, or grain, or ownership or care of cows, or keeping of cows, or feeding of cows, or guilty of any of the offenses charged in the libel. That the business of the plaintiff is that of a baker and restaurant keeper in the city of New York, and that he is in possession of a valuable and lucrative business and custom. It then alleged that defendant published "of and concerning the plaintiff, and concerning the premises," an article which is set forth in full. This article had reference solely to Gaff, Fleischmann & Co., distillers at Blissville, Queens county, and.

to their distillery and swill milk business.    Innuendoes were inserted averring that in the clauses preceding the plaintiff was intended.    Then followed another article alleged to have been so published by defendant, which was similar to the first, and which did not mention plaintiff or his business, but was entirely in reference to the business of said firm of Gaff, Fleischmann & Co.  After this the complaint set forth four other articles, and then closed with the averment that defendant published each and all of the articles with intent to charge plaintiff " with violating the statutes of this State relative to cruelty to animals, and to the adulteration of milk, and the feeding of cows, by him owned and kept, upon impure, poisonous, and unwholesome food ; and to cause it to be believed that this plaintiff was producing and was selling to the public poisonous milk, for consumption by the public; and that he or his said alleged firm of Gaff, Fleischmann & Co. (of which said firm he is not now, nor was he then, a member), kept diseased cows and sold the milk therefrom to the public, and that he manufactured yeast and bread from milk produced which was poisonous, and that he tortured dumb animals, and kept cows in a filthy and impure and poisonous place and atmosphere ; and that he conducted an infamous establishment, and was a swill-milk merchant, and was infamous, and that he owned and kept eight hundred cows, used for the production of milk, produced by feeding on poisonous substances, thereby poisoning the milk, which this plaintiff was charged with having sold to the public as proprietor and owner thereof, all and each and every of which was and is untrue."

*E. T. Wood* for appellant.   It is not a necessary ingredient to a libel that the person intended should be named.   A demurrer upon such ground will not be sustained by the court. It is a question of fact for the jury to determine, whether the publications referred to the plaintiff and caused him injury. (*Cook* v. *N. Y. Tribune*, 5 Bl. C. C. 352; Townshend on Libel and Slander, 164, § 323; Folkards Starkie on Libel, 839, § 865; *Parker* v. *Raymond*, 3 Abb. Pr. [N. S.] 343; *Moffatt*

v. *Cauldwell*, 3 Hun, 29 ; *Sanderson* v. *Cauldwell*, 45 N. Y. 398; *Wesley* v. *Bennett*, 5 Abb. Pr. 498; *Parker* v. *Raymond*, 3 Abb. [N. S.] 343 ; Notes in 1st of Abb. Forms, 494, 495; *People* v. *Frosheringham*, 3 Hall, L. J. 189 ; *Rickman* v. *Delavan*, 25 Wend. 186; 5 Abb. Pr. 498 ; *Dolaway* v. *Turrel*, 26 Wend. 383 ; 5 Johns. 211.)

*Elbridge T. Gerry* for respondent. When a complaint states facts constituting a cause of action, and in addition, facts constituting a defense, the whole must be considered together in determining, upon demurrer, whether the complaint states a cause of action, as well the allegations tending to charge as those tending to discharge. (*Calvo* v. *Davies*, 73 N. Y. 211.) The words complained of in the article relate to the persons meant and their business as milk dealers. The complaint must, therefore, contain averments that the plaintiff was engaged in such business. (*Carroll* v. *White*, 16 Barb. 615.) It not being charged that the words were ironical, which is necessary, it cannot be claimed that by Gaff, Fleischmann & Co., the plaintiff was meant. (*Boydell* v. *Jones*, 4 Mees. & Wels. 446.) The rule is well settled that innuendoes do not enlarge the matters specifically averred. Their office is only to connect the words complained of with the extrinsic facts alleged. (*Caldwell* v. *Raymond*, 2 Abb. Pr. 193 ; *Blaisdell* v. *Raymond*, 4 id. 446, 458 ; *Fry* v. *Bennett*, 5 Sandf. 54, 65.) The principle that a libelous article which does not specifically mention by name the person intended, or which mentions him ambiguously, can be sued on by an individual who avers that it was published concerning him, has no application to the present case. (*Wesley* v. *Bennett*, 5 Abb. Pr. 498; *Parker* v. *Raymond*, 3 Abb. [N. S.] 343 ; *Hearne* v. *Stowell*, 12 Ad. & El. 719; *Ingram* v. *Lawson*, 6 Bing. N. C. 212; *Lefanu* v. *Malcomson*, 1 H. of L. Cas. 637 ; *Harrison* v. *Smith*, 20 L. T. [N. S.] 713 ; *Watkins* v. *Hall*, L. R., 3 Q. B. 396 ; *Hunt* v. *Goodlake*, 43 L. J. [N. S. C. P.] 54.) The plaintiff cannot, under his complaint as it now stands, make proof on the trial of it, entitling him to a verdict. (*Russell* v. *Kelly*, 44 Cal. 643.) The extrinsic

facts must be proved to the jury, and the question submitted to. them whether the article refers to the plaintiff. (*Van Vechten* v. *Hopkins*, 5 Johns. 211; *Gibson* v. *Williams*, 4 Wend. 320.) If, upon the trial of an action for libel it appears to the presiding judge that upon the proof the article is not capable of the meaning attributed to it by the innuendoes, it is his duty to direct a nonsuit. (*Hunt* v. *Goodlake*, 43 L. J. C. P. 54; *Mulligan* v. *Cole*, L. R., 10 Q. B. 549.) The demurrer should be sustained. (*Solomon* v. *Lawson*, 8 Ad. & El. [N. S.] 823.) A plaintiff cannot unite separate matters, occurring at different times and published at different times, as one cause of action. It is only when the same publication contains distinct articles that the latter may be treated as a single ground of complaint. (*Cheetham* v. *Tillotson*, 5 Johns. 430; *Sweeney* v. *Baker*, 13 W. Va. 158: *Solomon* v. *Lawson*, 8 Ad. & El. [N. S.] 823.)

MILLER, J. The complaint in this action sets forth as causes of action, separately, six distinct articles, published at six different times. A demurrer is interposed to the first two causes of action, the articles set forth in which do not name the plaintiff. The alleged ground of demurrer, so far as these two causes of action are concerned, is that each one is self-contradictory, inasmuch as it alleges that the article stated was published of and concerning the plaintiff, while it elsewhere contradicts this averment by allegations which are entirely at variance and inconsistent with it.

The counsel for the defendant insists that the complaint shows affirmatively that the article set out as the first cause of action was not published of, or concerning the plaintiff, and as it answers itself, the demurrer was well taken. In determining the question presented, it is important to examine the complaint for the purpose of ascertaining the nature of the allegation stated, and the basis upon which it is constructed. At the outset it alleges that the plaintiff was in business at a certain place which is named, and had conducted the business stated upon said premises. After the usual allegation that he

had maintained a good reputation and credit, it proceeds to
state that he had never been guilty of any violation of the
laws of this State ; nor in any manner a copartner, owner or
agent in any business or calling such as is described in the libel
hereinafter set forth, or in the production of milk, or distillery
swill, so called, or distillery waste or grain, or the ownership
or care of cows, or the keeping of cows, or the feeding of
cows, or of any of the offenses charged in the libel set forth.

Immediately afterward follows the allegation of the pub-
lication of the libel, which is set forth *verbatim*, and a perusal of
which discloses that such a business as the complaint alleges
that the plaintiff had not been engaged in, was conducted by
the firm of Gaff, Fleischmann & Co., and that the libelous
matter related to this business, and to the last-named firm, and
to no other person or persons who were not members of that
firm. The libel referred to was evidently directed against,
and intended to embrace the persons mentioned. The com-
plaint nowhere negatives the averment that the firm of Gaff,
Fleischmann & Co. were the parties engaged in the business
mentioned therein; and under such a pleading, therefore, it
cannot be claimed that any other persons besides the members
of the firm were referred to, or intended to be included in the
libelous charges made. As the libel neither describes nor re-
fers to the plaintiff, nor to the business in which he was en-
gaged, but names a different business, and a firm of which in
a preceding portion of the complaint it is alleged he is not,
and never was a member, it is manifest that the plaintiff can-
not in any way be connected with the libelous matter set forth.

Instead of averments that the plaintiff was engaged in the
business named, and was a member of the firm so engaged, it
is denied on the start, and stated to the contrary, that he was
engaged in another and a different kind of business. Under
the allegation in the complaint as to plaintiff's business, and
that he was not connected in any form with the business
described in the libel, with a statement of the publication
showing on its face that it did not relate to, and was not pub-
lished of and concerning the plaintiff, it is not apparent in

what form or upon what theory the portions of the complaint demurred to can be upheld.

The learned counsel for the plaintiff, however, claims that it is not a necessary ingredient of the libel that the person intended should be named; and it is a question for the jury to determine whether the publication referred to the plaintiff, and caused him injury. While, no doubt, an action for libel may be maintained where the plaintiff is described in the libelous matter, directly or indirectly, without his name, and is pointed out so that it is capable of direct proof that he was intended; yet where the allegations negative such a conclusion and show to the contrary, this rule has no application. There is no principle which authorizes the introduction of any such evidence, where, on the face of the complaint, it is clearly apparent that the libelous words do not relate to, and have no connection with the plaintiff, or his business as stated therein.

The authorities cited by the learned counsel for the appellant have no application, when the complaint plainly shows that the plaintiff was not intended as is the fact here. The omission of the name, or an ambiguous description of the person, or even words used in an uncertain and doubtful sense which require extrinsic evidence to explain, may be rendered sufficiently certain by proper averments with a colloquium. (Folkards Starkie on Libel, § 434); but there are no such allegations in the complaint as brings the case at bar within the rule laid down. The averment that the publication was of and concerning the plaintiff does not, we think, obviate the difficulty inasmuch as the previous allegation as to the plaintiff's business, and that he was not engaged in the business described in the libel, shows that it could not and did not relate to the plaintiff, and hence it is not applicable to the facts set forth in the pleading.

The defects which exist as to the first alleged cause of action are not obviated or cured by the innuendo which afterwards recurs, " meaning the plaintiff," for the language of the libelous article will not bear any such interpretation when considered in connection with other averments, which allege that the plaintiff was engaged in other business, and had no connection

with the firm of Gaff, Fleischmann & Co.   Under the Code of
Civil Procedure, § 535, it is not necessary to state any extrinsic
facts for the purpose of showing the application of the defam-
atory matter to the plaintiff, and the question in regard thereto
is covered by the averment that it was published of, and con-
cerning the plaintiff, and when such averment can be held to
apply, and is not as in this case contradicted and rendered nu-
gatory by other allegations.   The innuendoes here are falsified
by averments, that the plaintiff was engaged in other business,
that he was never in the milk business, nor a partner of Gaff,
Fleischmann & Co.   The libelous articles assail the proprietors
of the Blissville milk establishment, and their agents.   The
plaintiff denies all connection or association with that concern,
and thus asserts that he is not one of the persons intended by
the libel.   It was aimed and directed against the firm, and not
against plaintiff, who claims he had nothing to do with them,
and hence he could not be injured thereby.   An innuendo does
not enlarge the matter set forth specially in other portions of
the complaint.   It only explains the application of the words
employed, when not justified by the antecedent facts to
which it refers, so that rejecting it the words are not actiona-
ble, a demurrer will lie.   (*Caswell* v. *Raymond,* 2 Abb. Pr.
193; *Blaisdell* v. *Raymond,* 14 id. 446–458; *Fry* v. *Ben-
nett,* 5 Sandf. 65.)

While the section of the new Code cited dispenses with the
necessity of averring, in detail, the facts which evince who was
the person intended, it does not authorize the plaintiff to pros-
ecute his action after he has made a complete denial of his con-
nection with, and of the application of the facts stated in the
alleged libelous matter to himself on which it is founded.   It
cannot, we think, be fairly claimed that the statement that the
name was familiar sufficiently points to the plaintiff, so as to
indicate that he was intended, or that from this or any other
allegation referred to there was any question of fact for the
jury as to whether the plaintiff's bread was alluded to.

In regard to the article set forth as the second cause of
action, no cause of action is made out for the same reasons

which affect the first cause of action. It is aimed at and denounces the management described, and the Blissville Distillery, giving details as to the offensive character of the same, and referring to the statute and citing the same as applicable to Gaff, Fleischmann & Co. It makes no charge against the plaintiff, and does not connect him with the copartnership.

It does not distinctly allege that the firm named are the owners, but leaves the inference to be drawn, from the previous reference to them, that they were the owners, and the complaint, as already stated, absolutely denies that the plaintiff was a member of any such firm, or that he was the owner of the Blissville establishment, or had any interest whatever in any such business.

By this denial it is manifest, as a matter of law, that neither of the articles can be held to apply to the plaintiff. It may also be remarked that the second article cannot be regarded as having any defamatory application to any person who is not a member of the firm. The count, in the complaint referred to, we think, cannot be upheld upon the ground that it contains but one cause of action, and is not susceptible of any such construction. It is divided into several parts, alleges several distinct causes of action, arising out of several articles published on different dates, each of which is separately numbered and is treated as such by the plaintiff. It cannot, therefore, be regarded as embracing only one separate and distinct cause of action. It is not apparent in what manner the plaintiff could unite these several and distinct libels, as one single cause of action; nor is there is any ground for claiming that either one of the articles is set out as a matter of inducement to the others, or any of them. Regarding the language employed, the intention of the pleadings to be derived therefrom, and the various libels which constitute the *gravamen* of the action, there is no reason for claiming that but one cause of action is set forth.

The allegation of the plaintiff as to the causes of action demurred to is that the libelous articles published related to himself, while on their face it is clear that they had no reference either to him or to the business in which he was engaged.

We think the General Term was right in its judgment, and that the same should be affirmed.

All concur.

Judgment affirmed.