By the Court.—Truax, J.
Section 535 of the Code of Civil Procedure says that it is not necessary, in an action for Hbel or slander, to state in the complaint any extrinsic fact, for the purpose of showing the application to the plaintiff, of the defamatory matter ; but the plaintiff may state, generaHy, that it was published or spoken concerning him.
The words here are actionable per se. The only ex-, trinsic fact necessary for the plaintiff to show in order to maintain her action, is the fact that she was one of those people up-stairs. She has aUeged, in the words of the Code, that they were spoken " ‘ concerning ” her, and by demurring to the complaint, the defendant has admitted the truth of this aHegation. On the trial the plaintiff could have proved under this allegation, that she was one of those people up-stairs (Wesley v. Bennett, 6 Duer, 688 ; 5 Abb. 498 ; Malone v. Stilwell, 15 Ib. 421 ; Parker v. Raymond, 3 Abb. N. S. 343).
This case is to be distinguished from the case of Fleischmann v. Bennett (87 N. Y. 231). In that case the libelous article assailed the firm of Gaff, Fleischmann & Co., but the plaintiff alleged, and on the demurrer it was taken as true, that he was not, and never had been a *305 member of that firm, and, therefore, the court held that the words used had no application to the plaintiff. It is as though the plaintiff in this case, had alleged that she was not one of “those ¡Deople up-stairs.”
The judgment and order appealed from are reversed, and a new trial is ordered, with costs to the appellant to abide the event.
Sedgwick, Oh. J., concurred.