Brady, J.
This was an action for divorce which was commenced in 1882. The defendant at first answered by a simple denial, but afterwards filed an amended answer in which she set up recriminatory charges and asked a divorce a vinculo. The issues were referred to the late Henry J. Scudder, who found in favor of the defendant on the charges made by her rejecting those made by the plaintiff, and in January, 1885, an interlocutory decree in her favor was granted, by which the divorce was proclaimed and the custody of her child awarded to her and the amount of alimony referred to Mr. Ledyard, before whom it was proceeding when this appeal was brought. It is now claimed that while the reference was proceeding before Mr. Scudder, and before his report was made, she was guilty of adultery with one Augustus P. Hafner, and if she was guilty it is contended that she is within the express provisions of section 1758 of the Code. It is alleged that this fact was not discovered until October, 1886, and the application is to allow a supplemental complaint setting it up, and it only. The motion was made in December, 1886, at a time when the only question remaining undetermined was as to the amount of permanent alimony and counsel fees.
There are some facts and circumstances marking the relations between these parties which are very striking, if not extraordinary. It appears that several years before this action was brought the plaintiff commenced a similar one against the defendant, in which she set up affirmative charges against him. He attempted to discontinue the action when there was an investigation under way as to his possibility to pay alimony, and having failed to secure an order for discontinuance, he effected a reconciliation with his wife. See Campbell v. Campbell, 12 Hun, 636. It also appears that to defeat an action brought in the state of Georgia, for alimony, he caused an action to be brought which was judicially declared to have been brought in bad faith (see opinion of Hamilton Odell, Campell v. Campbell, 53 Supr. Ct. Rep., 316); and, further, that upon the trial of the present action before Mr. Scudder his efforts were marked by the examination of a witness who was declared by the referee to have confessed to the commission of deliberate perjury.
The application for the supplemental complaint rests on allegations made upon information and belief, but the information and belief thus asserted do not seem to be *443 sustained by facts which warrant both or either. It appears that some of the affiants upon whose statements the application was made, have also made affidavits on behalf of the respondent; and it appears from the affidavits of two of them, namely, the wife and mother-in-law of Hafner, that he said that he had been offered $10,000 by the appellant to swear that he had improper relations with the respondent. And his mother-in-law says further that Hafner asked her whether she would object to his so testifying as he would fix the dates at a period anterior to his marriage, whereat she said that she was shocked and indignant at his proposition, and told him if he renewed it he must leave her house and not enter it again, and further that she'was impressed with the fact that he intended to swear falsely both from his manner and from the fact that even shortly after her daughter’s marriage with him, she had discovered him to be perfectly unreliable, untrustful and dishonest. And his wife said her separation from her husband was not in any degree caused or affected by the letter referred to in her affidavit or her belief that he had been improperly intimate with Mrs. Campbell, but grew out of the fact that shortly after she married him she found him to be untruthful, dishonest and destitute of moral principle.
It is not likely, with such a record as disclosed by the facts and circumstances referred to, in addition to others which might be signalized, that the application of the appellant would find favor with the court. Notwithstanding the apparently mandatory language of section 544, it was the duty of the court upon an application like this to consider all the facts and circumstances and to grant or refuse it as may be just and proper. Fleischmann v. Bennett, 87 N. Y., 231. The relief may be denied where laches or fraud is shown or it appears that injustice will be done by allowing the application. Holyoke v. Adams, 59 N. Y., 233. It should appear, indeed, that the applicant is free from laches, free from fraud, that the proposed facts are true or reasonably established and that the amendment contains a good cause of action. In this case it is not satisfactorily established either that there is no fraud attempted or that the asserted fact is true; while it does appear that the appellant is chargeable with laches, and that to allow him to present the alleged misconduct on the part of the respondent as a reason for interfering with the judgment pronounced herein would be contrary to justice.
For these reasons we think the order appealed from should be affirmed, with ten dollars costs and disbursements.
Van Brunt and Daniels, JJ , concur.