### NUNNALLY v. TRIBUNE ASS'N.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

LIBEL—COMPLAINT—SUFFICIENCY.

> Code Civ. Proc. § 535, provides that in an action for libel it shall not be necessary to state in the complaint any extrinsic fact for the purpose of showing an application to the plaintiff of the defamatory matter, but that plaintiff may state generally that it was published concerning him. A newspaper article stated that detectives were searching for a woman to explain the death of a man who died after symptoms of poisoning, and that in his delirium he mentioned the name of a young woman, and stated that she was responsible. Held, that a complaint based on such publication, and alleging that it was concerning plaintiff, was not demurrable.
>
> [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 188.]

Appeal from Special Term, New York County.

Action by Florence Nunnally against the Tribune Association. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Henry W. Sackett, for appellant.
George H. D. Foster, for respondent.

PATTERSON, J. The defendant demurred to the complaint in an action to recover damages for libel, the demurrer was overruled, and the defendant appeals.

The defendant is a publisher of a newspaper, and its issue of the 7th day of March, 1904, contained an article, a copy of which is annexed to and made part of the complaint, and it is therein stated that detectives were searching for a young woman to explain the death of Leon Melles, 28 years old, a theatrical agent, who died at his home, 400 Manhattan avenue, after convulsions; that a doctor who attended Melles said he believed the young man was the victim of "knockout drops"; that in delirium, before he died, Melles mentioned the name of a young woman with whom, his father said, he had "been keeping company"

for about a year; that the police say that after he mentioned the woman's name he said, "She's responsible for this. She gave me the dose." The article then proceeds to state the circumstances under which Melles died, and that after he was seized with convulsions a doctor was sent for, who declared there were symptons of poisoning, and treated the patient accordingly; that the physician said that he saw signs of chloral and cocaine. The article then proceeds to say:

"According to Mr. Melles and Dr. Buffum, Melles mentioned the name of a young woman employed in a down town wholesale house, and gave her home address. He mentioned her name frequently, and said, 'I want to see her.' At one time he said deliriously, 'There she is again. Let me get her.' It is then said that detectives went to the address given by Melles, and found that the young woman lived there; that she was not at home; but they said last night that they expected to arrest her within a few hours. The police say that Melles' watch was missing, and that he had no money about him when he returned home. About noon yesterday a woman called up the Parthenon apartments, and asked how 'Mr. Melles was getting on.' She was told that he was very ill, and, according to the elevator boy, replied, 'That is too bad. Tell him that I will be up this evening to see him.' The woman did not give her name, and did not appear as she had promised. The police and Coroner Scholer are anxious to learn her identity. Coroner Scholer said last night: 'We cannot tell much about this case until we examine the young woman mentioned by Melles in his delirium. I think he was poisoned, but cannot make a positive statement until an autopsy is performed. I have instructed Dr. Weston to perform an autopsy tomorrow morning.'"

It is alleged in the complaint that the defamatory matters contained in the article were spoken of and concerning the plaintiff. The court below held that that was a sufficient allegation of identity, under the provision of section 535 of the Code of Civil Procedure. It is not controverted by the appellant, but, on the contrary, it is specifically admitted that this defamatory matter is libelous per se, and it is also conceded that the plaintiff duly alleges, under section 535 of the Code of Civil Procedure, that it was published of and concerning her. By that section it is provided that:

"It is not necessary in an action for libel or slander to state in the complaint any extrinsic fact, for the purpose of showing the application to the plaintiff, of the defamatory matter; but the plaintiff may state generally, that it was published or spoken concerning him; and if that allegation is controverted, the plaintiff must establish it on the trial."

It is required in an action either for libel or slander that the complaint shall show that the defamatory words were spoken of or concerning the plaintiff. At the common law, where the libelous publication did not directly or necessarily on its face refer to the plaintiff, in order to maintain an action, the plaintiff was obliged to allege in his declaration such extrinsic facts and circumstances as, when connected with the libelous publication, the conclusion would be inevitable in the mind of the reader that it was intended to defame the plaintiff. But in this state the common-law rule of pleading has been superseded by statutory enactment, the provision of the Code of Civil Procedure being substantially a re-enactment of section 164 of the Code of Procedure. It is still necessary in an action for libel that the complaint should contain an averment that the defamatory words directly relate to the plaintiff, but the pleader is absolved from the necessity of stating extraneous circumstances which connect the plaintiff with the publication. If the

general allegation is made as allowed by section 535, the defendant may controvert it in his answer, and then it becomes obligatory upon the plaintiff by evidence to establish the fact that he is the person who is actually defamed by the publication. The statute has changed the identification by facts and circumstances of a plaintiff as the person mentioned in a defamatory publication from a rule of pleading to a subject of evidence. The allegation that the alleged libelous article was published of and concerning the plaintiff is one of fact, for it is traversible, and, if denied, the plaintiff must prove it.

The learned counsel for the appellant does not controvert those general propositions, but very clearly and forcibly contends:

"That no matter how libelous an article may be, no matter how grave may be the nature of the crime there stated to have been committed, if it is not charged upon any particular individual, or if the charge is so indefinite that it is impossible for any reader to infer from the article who the individual is to whom the wrongdoing is imputed, no one has been injured, and no action can be maintained for libel upon it by any one."

And he urges that:

"If no reader of the publication could discover that any person was referred to specifically, no one has been libeled, because no one has been damaged; and this would be equally true even though the plaintiff and the defendant knew that it was published concerning her."

We may assume that a newspaper article may be so general and indefinite in its terms that no one reading it could understand that it applied to any particular person, and it may be that by selecting himself as the person referred in the defamatory matter, when it may apply as well to any of an indefinite number of other persons, something more would be required by a plaintiff in pleading than the formal statement authorized by the section of the Code cited. But we conceive the rule to be, under the Code, that where it appears on the face of a complaint that evidence may be given by a plaintiff which will undoubtedly connect him with the alleged libelous matter, such a complaint is sufficient where it charges that the matter was published o. and concerning him. The complaint now before us is not like those in Fleischmann v. Bennett, 87 N. Y. 231, and Corr v. Sun Print. & Pub. Co., 177 N. Y. 131, 69 N. E. 288. In the complaints in those cases there were allegations which showed that the libelous matter did not relate to the plaintiff. Nor is this a case of ambiguity concerning the substance or meaning of the publication. It is charged in the article that young Melles was "keeping company" with a young woman whose name he mentioned; that the police detectives went to the address given by the father of Melles, and found that the young woman lived there. The plaintiff, therefore, on the trial could prove that she was the young woman who had been "keeping company" with young Melles, and that she was the person who lived at the address given to the police, and hence that she was the person referred to, and intended to be referred to, in the article of which she complains. But further, it appears by the complaint in this action that the article was not so obscure in its reference to the plaintiff that one reading it would not associate her with the young woman mentioned therein. She asserts a claim for special damage occasioned by this article coming to the

knowledge of her employers, and alleges that she was discharged from her employment in consequence of the publication.

The interlocutory judgment appealed from should be affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer the complaint within 20 days from service of the order to be entered hereon, and on payment of costs in this court and in the court below.

O'BRIEN, P. J., and LAUGHLIN, J., concur.  INGRAHAM and CLARKE, JJ., concur in result.