HARRY G. SOPER, Plaintiff, v. THE ASSOCIATED PRESS, Defendant.*

(Supreme Court, Erie Special Term, April, 1906.)

Libel and slander — Words and representations actionable in general — Construction of written words.

> A complaint in an action for defamation, which alleges that the article complained of, which stated that P., who was in jail under arrest upon a charge of murder, was said by one who saw him in the jail to be the plaintiff, was published of and concerning the plaintiff, states a cause of action.
>
> Under said allegation it is competent for plaintiff to prove such facts as will make it a question for the jury to determine, from all the circumstances, whether the article applied to plaintiff and in what sense the words were used.
>
> An allegation of the complaint denying that the visitor identified P. in jail as the plaintiff, is simply an assertion of the falsity of the article, so far as it relates to identification by the visitor, and does not render nugatory the declaration that the publication of the article was of and concerning the plaintiff.

DEMURRER to complaint in an action for libel. The opinion states the case.

H. B. Butterfield, for plaintiff.

James McC. Mitchell, for defendant.

———

* Received too late for publication in proper place—[REPORTER.

Kenefick, J.   The action is for libel, in causing to be published in various newspapers this article, viz.:

" Detroit, Mich., Aug. 14.— Head Waiter Merrifield of the Russell House café to-day at the county jail saw Harry Parker, who, with Henry Johnson, was arrested at Cleveland, charged with the murder of pawnbroker Joseph Meyer in this city July 28th.   Merrifield insisted that Parker, under the name of Harry Soper, worked under him a year ago in the Lenox Hotel, at Buffalo.   He said that Parker cr Soper had been an Episcopalian divinity student, whose home was at Toronto, and that the prisoner lost his eye about three years ago in a firecracker accident."

The complaint alleges that in the publication of said article the defendant " charged the plaintiff with the commission of the crime of murder;" and further alleges, " That the said Merrifield mentioned ·in said item did not at any time or place identify the said man Parker therein referred to as this plaintiff, but, on the contrary, at the jail in the city of Detroit, after seeing him, positively and unequivocally refused to identify him, and positively stated then and there that he was not this plaintiff."

The complaint also alleges in the form permitted by section 535 of the Code, that the article was published of and concerning the plaintiff.   A demurrer is interposed on the ground that the facts stated in the complaint are not sufficient to constitute a cause of action.

The article does not accuse any person of the commission of murder, as the complaint alleges; it simply asserts that a man is in jail under arrest upon a charge of murder.   To say that a man is under arrest for murder is not equivalent to a declaration that he is guilty of murder.   The former assertion is much less harmful and injurious.   We may disregard the allegation of the complaint in this regard for to publish that a person is under arrest charged with crime is libelous.   Odgers Lib. & Sland. (4th ed.) 16.   Sun Pub. Co. v. Schenck, 98 Fed. Rep. 925.

The innuendo may be rejected as surplusage if the words themselves in their natural and obvious signification are actionable *per se.*   Odgers Lib. & Sland. 111.

It is urged on behalf of the demurrant that, notwithstanding the declaration of the complaint that the article was published of and concerning the plaintiff, the language of the article is not susceptible of application to this plaintiff, and that the allegation of the complaint that Merrifield did not identify Parker as the plaintiff, but, on the contrary, after seeing him in jail, declared that he was not the plaintiff, distinctly negatives the claim that the article applied to the plaintiff.   Conceding the fact that there was a man in jail at Detroit charged with the murder mentioned in the article, the plaintiff's contention is that the article is susceptible of the meaning that the plaintiff was the man, and that the allegation of the complaint last above referred to simply asserts the falsity of the article in so far as the article charges that the man was identified as the plaintiff.

Under the allegation of the complaint that the publication was of and concerning the plaintiff, it would be competent for the plaintiff to show that he had worked under Merrifield at the Lenox Hotel; that plaintiff had been an Episcopalian divinity student, whose home was at Toronto, and that he had lost his eye about three years ago in a firecracker accident; and upon proof of such facts I think it would be a question for a jury as to whether the fair meaning of the publication was to charge the plaintiff with being under arrest on a charge of murder.

In an action for defamation, if the application or meaning of the words is ambiguous, or the sense in which they are used is uncertain, and they are capable of a construction which would make them actionable, although at the same time an innocent sense can be attributed to them, it is for the jury to determine upon all the circumstances *whether they were applied to the plaintiff,* and in what sense they were used.   Sanderson v. Caldwell, 45 N. Y. 401.

Nor do I think that the allegations of the complaint denying that Merrifield identified the man in jail as Soper render nugatory the declaration that the publication was of and concerning the plaintiff, within the rule laid down in Corr v. Sun Printing & Pub. Co., 177 N. Y. 131.   It is simply an assertion of the falsity of the article so far as it relates to

Supreme Court, January, 1908.            [Vol. 57.

identification by Merrifield.   If the complaint here alleged that the plaintiff had never worked at the Lenox Hotel, was not a divinity student, that Toronto was not his home, and that he had not lost an eye, the similarity between this case and the Corr case would be more apparent.

I am of the opinion that the complaint is good under the rules laid down in Nunnally v. Tribune Association, 111 App. Div. 485, and Nunnally v. New Yorker Staats-Zeitung, id. 482, and that the demurrer must be overruled, with costs, with leave to the defendant to plead anew on payment of costs.

Demurrer overruled, with costs, with leave to defendant to plead anew on payment of costs.