VAN HEUSEN v. ARGENTEAU.

(Supreme Court, Appellate Division, First Department. March 18, 1908.)

1. LIBEL—LIBELOUS PUBLICATION.
   Defendant wrote a letter to a periodical relating to the disqualifications of a dog owned by defendant and entered at a competitive dog show, because his hair was found to have been dyed. After referring to a previous communication which exonerated defendant from guilty knowledge of the

act, it was suggested that it was a subject for investigation by the Kennel Club, to inquire who dyed the dog—a question that could be answered by ascertaining who had an interest in having the dog dyed and disqualified. "Has, or is there any one who would profit by the disqualification of the dog Chin Chino? If so, whom? Who was it that discovered on the last day of the show, and three days after the judging of the Chow classes, that there was dye on the coat of the dog. And had the person who made this discovery an opportunity to put the dye on the dog? And was the dog's disqualification in any way a benefit to the person? A crime was committed. The motive is plain. Who was it that had such a motive?" *Held*, that such article was libelous per se as against the person to whom reference was intended.

2. SAME—COMPLAINT—IDENTIFICATION OF PERSON LIBELED.

Where a publication was libelous per se, but did not identify the person libeled, it was unnecessary for a complaint for libel to allege any extrinsic fact to show application of the defamatory matter to plaintiff, it being sufficient to allege that the article was published of, and concerning, the plaintiff, as expressly provided by Code Civ. Proc. § 535.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 188.]

3. PLEADING—DEMURRER—FACTS ADMITTED.

Where a libelous article did not identify the person libeled, and plaintiff alleged that the article was published of and concerning her, such fact was admitted by a demurrer to the complaint for want of facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 525–527.]

Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by Ada Olive Van Heusen against De Marcy Argenteau. From an interlocutory judgment overruling a demurrer to plaintiff's complaint for want of facts, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Robert Avery, for appellant.
Henry M. Ward, for respondent.

McLAUGHLIN, J. I think the article complained of is libelous per se. It tends to disgrace or bring into ridicule and contempt the person to whom it relates. Morey v. M. J. Ass'n, 123 N. Y. 207, 25 N. E. 161, 9 L. R. A. 621, 20 Am. St. Rep. 730; Stokes v. Stokes, 76 Hun, 314, 28 N. Y. Supp. 165. It does not identify the plaintiff as the person libeled, but the complaint alleges it was published of and concerning her. Being libelous per se and not identifying the person libeled, it was unnecessary to allege in the complaint "any extrinsic fact, for the purpose of showing the application to the plaintiff, of the defamatory matter," inasmuch as the allegation was that it was published of and concerning the plaintiff (Code Civ. Proc. § 535), which is a fact admitted by the demurrer.

It appears on the face of the complaint that evidence may be given by the plaintiff which will show that she was the person referred to in the publication. As a pleading, this is all that is required, where it is charged that the matter was published of and concerning her. This was the rule laid down in Nunnally v. Tribune Ass'n,

111 App. Div. 485, 97 N. Y. Supp. 908, Mr. Justice Patterson, saying:

"But we conceive the rule to be, under the Code, that where it appears on the face of a complaint that evidence may be given by a plaintiff which will undoubtedly connect him with the alleged libelous matter, such a complaint is sufficient where it charges that the matter was published of and concerning him."

That case went to the Court of Appeals, and the judgment was affirmed on his opinion. 186 N. Y. 533, 78 N. E. 1108. The case has since been followed by the Fourth Department in Soper v. The Associated Press, 115 App. Div. 815, 101 N. Y. Supp. 342, affirmed 188 N. Y. 550, 80 N. E. 1120. The complaint should be liberally construed. Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725; Martin v. Press Pub. Co., 93 App. Div. 531, 87 N. Y. Supp. 859. At the trial the plaintiff may be able to prove that the article was published of and concerning her; that she had a dog at the show in the same class with the dog Chin Chino, and was the only other person who did have a dog in that class; that she was the person who discovered on the last day of the show that there was dye on the coat of the dog Chin Chino, and that she had an opportunity to put this dye on; and the disqualification of that dog was to her advantage because it enabled her dog to take the prize. If such proof be offered, can there be any question but that it would be admissible under the complaint, and, if admitted and not contradicted, would it not justify the jury in finding defendant liable? The plaintiff, as it seems to me, is entitled, by express provision of the section of the Code above cited, to prove the facts suggested and others if she can, without alleging them. Such facts simply show the application of the libelous matter to her; they identify the object of the libel by showing that she is the only person to whom the article could have referred. Weston v. Commercial Advertiser Ass'n, 184 N. Y. 479, 77 N. E. 660.

This complaint is not like those in Fleischmann v. Bennett, 87 N. Y. 231, and Corr v. Sun Printing & Pub. Ass'n, 177 N. Y. 131, 69 N. E. 288. In the complaints in those cases there were allegations which showed that the libelous matter did not relate to the plaintiffs; in other words, in the complaint in each case facts were pleaded which showed that the plaintiff was not the person referred to in the article complained of. The pleading now before us is different. There are no allegations in the complaint which would exclude proof of any fact tending to identify the plaintiff as the person at whom the libelous article was directed.

I am of the opinion that the complaint states a good cause of action, that the demurrer was properly overruled, and the judgment appealed from should be affirmed, with costs, with leave to the defendant to withdraw demurrer and to answer on payment of costs in this court and in the court below. All concur, except HOUGHTON, J., who dissents.

HOUGHTON, J. (dissenting). The defendant wrote a letter to a periodical called "Field and Fancy" which the plaintiff alleges to have

been libelous per se as to herself. The published letter, with innuendo that the various charges referred to plaintiff, is set forth in the complaint, to which the defendant demurred, and is addressed to the editor of the periodical, and relates to the disqualification of a dog because his hair was found to have been dyed, owned by the defendant, and entered at a competitive dog show. After referring to a previous communication on the subject which exonerated the defendant from guilty knowledge of the act, it is suggested that it is a subject for investigation by the Kennel Club, and that it should inquire "Who dyed the dog?—a question that can be answered by ascertaining who had an interest in having the dog dyed and disqualified. Has, or is there any one who would profit by the disqualification of the dog Chin Chino? If so, whom? Who was it that discovered on the last day of the show, and three days after the judging of the Chow classes, that there was dye on the coat of the dog? And had the person who made this discovery an opportunity to put the dye on the dog? And was the dog's disqualification in any way a benefit to the person? A crime was committed. The motive is plain. Who was it that had such a motive?"

No extrinsic facts are alleged in the complaint showing that the plaintiff had anything to do with the dog show either as manager or as one of the judges, or as one of the exhibitors; or that she was in any way connected with it so that any one knowing the situation, on reading the article, might infer that it referred to herself, or that the derelictions mentioned in the article might be attributed to her. Assuming that the article is libelous per se in that it attributes disreputable conduct to some one, nothing is pleaded to show that it referred to plaintiff, or could refer to her, or that any one could think it referred to her; and nothing is contained in the article itself indicating that the charges were made against plaintiff. A person cannot attribute to himself a libel which is published of the community at large. There must be something in the article itself, referring to him individually or to a particular group of individuals of which he is a part, or it must contain some descriptive statements with which he can identify himself by proof, and thus show that that article referred to him; or he must be so identified with the situation or subject-matter referred to in the article that upon showing his relation to them it can be fairly assumed that the article referred to him. Unless some one of these elements appear in the alleged libel, a simple allegation that the article was published of and concerning the plaintiff is insufficient notwithstanding the provisions of section 535 of the Code of Civil Procedure. Corr v. Sun Printing & Publishing Association, 177 N. Y. 131, 69 N. E. 288; Hauptner v. White, 81 App. Div. 153, 80 N. Y. Supp. 895; Weston v. Commercial Advertiser Association, 184 N. Y. 479, 77 N. E. 660; Nunnally v. Tribune Association, 111 App. Div. 485, 97 N. Y. Supp. 908, affirmed on opinion below 186 N. Y. 533, 78 N. E. 1108. In Nunnally v. Tribune Association, supra, this rule was recognized, but it was held that in the article itself there were descriptive statements by which the plain-

tiff was easily identified as the person concerning whom the libel was published.

Tested by these rules, I think the complaint failed to state a cause of action, and the demurrer should have been sustained.

In my opinion the interlocutory judgment overruling the demurrer should be reversed.