LAWRENCE v. SUN PRINTING & PUBLISHING ASS'N et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. LIBEL AND SLANDER (§ 82*)—COMPLAINT—SUFFICIENCY.
      In an action for libel brought by Walter N. L., the article complained of stated that a certain play was presented by the Walter N. L. Company, Incorporated, and the article referred to a Mr. L., but it was not stated in the article, nor alleged in the complaint, that his given name was Walter N., or that he was the one after whom the company was named, and the complaint contained no allegation as required by Code Civ. Proc. § 535, providing that plaintiff may allege generally that the defamatory matter was published concerning him. Held, that the complaint was demurrable as not identifying plaintiff with the Mr. L. of the article.
      [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 188; Dec. Dig. § 82.*]

2. LIBEL AND SLANDER (§ 9*)—WORDS ACTIONABLE.
      A newspaper article stated that a certain play was presented, and that plaintiff, the manager of the company, "has not been near the production," that the play was lacking in properties, and that the money to procure them had to be borrowed from the mother of one of the players, and that at the end of the second week the business manager, after "frantically telegraphing" without avail to plaintiff, was obliged to tell the company that their salaries could not be paid. Held, that the article was not libelous per se.
      [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80–90; Dec. Dig. § 9.*]

Appeal from Special Term, New York County.

Action by Walter N. Lawrence against the Sun Printing & Publishing Association and another. Appeal by defendants from a judgment overruling their demurrer to the complaint. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

James M. Beck (Frederick W. Jackson, on the brief), for appellants.
Albert P. Massey, for respondent.

LAUGHLIN, J. This is an action to recover damages for an alleged libel. The complaint contains no allegation in form or substance as required by the provisions of section 535 of the Code of

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Civil Procedure, to the effect that the libelous matter was published concerning the plaintiff, nor does it contain any allegation in any manner tending to identify the plaintiff as the person therein referred to. The libelous article was published under the heading "News of the Theatre," and it relates to a play known as "The Best Man," which it states is the same as the play known as "The Man in the Case." It is stated in the article that the play was presented by the "Walter N. Lawrence Company (incorporated)." The article then refers to a "Mr. Lawrence," but it is neither therein stated, nor is it alleged in the complaint, that his given name was "Walter N.," or that he is the Mr. Lawrence after whom the company was named. In the absence of an allegation in conformity with the provisions of said section 535 of the Code of Civil Procedure, we are of opinion that it is essential that the complaint should show that the plaintiff is the person to whom reference is made in the alleged libelous article. Miller v. Maxwell, 16 Wend. 9; Tyler v. Tillotson, 2 Hill, 507; Croswell v. Weed, 25 Wend. 621. See, also, Nunnally v. Tribune Association, 111 App. Div. 485, 97 N. Y. Supp. 908, affirmed on opinion below in 186 N. Y. 533, 78 N. E. 1108. It may be that the presumption which obtains with respect to questions of ownership of property that identity of names is prima facie evidence that the individuals are the same (Hatcher v. Rocheleau, 18 N. Y. 86) would obtain in an action for libel, if the full names are identical, but that it is unnecessary to decide; for, as has been observed, there is no allegation in the complaint or statement in the alleged libel that the Lawrence therein referred to is either the Walter N. Lawrence after whom the company was apparently named, or the plaintiff, and in any view it is perfectly clear that identity of surnames is insufficient.

We are also of opinion that, if the complaint were sufficient to enable the plaintiff to show that he is the Mr. Lawrence who was the manager of the company, still the article would not be libelous per se against him. The article states that the play was presented at Boston, and that Mr. Lawrence "has not been near the production"; that the play was lacking in "properties, the money to procure them had to be borrowed from the mother of a member of the cast"; that the play made money the first week, and, if it had not been for a hot wave which prostrated Boston, it might have continued to be successful, but that at the end of the second week the business manager, "after frantically telegraphing without avail to Mr. Lawrence," was obliged to tell the company that their salaries could not be paid, and that their fares back to New York could not be paid. It then alludes to the different members of the cast, and to the manner in which they received the news, and states that the "episode will offer the Theatrical Managers' Association a fine chance to right the wrongs of these actors, for one of the principal reasons of its organization was to prevent just such occurrences as this Boston episode." The article may be libelous on the company presenting the play, but that is a question which is not now presented for decision. Whatever the connection of Lawrence with the play may be it is not stated, and therefore the article is not a libel on him.

It follows that the interlocutory judgment should be reversed and the demurrer sustained, with costs, but with leave to plaintiff to amend on payment of the costs of the demurrer and of the appeal. All concur.

LIBEL AND SLANDER (§ 82*)—PLEADING—COMPLAINT.

