LYNCH v. KIRBY et al.

(Supreme Court, Special Term, New York County. November 1, 1911.)

1. LIBEL AND SLANDER (§ 21*)—PERSON DEFAMED—ACTIONS—PLEADING.
    An allegation that defendants, an association of manufacturers, published a resolution reciting that, whereas, the determination of a typographical union to destroy the business of a certain person had resulted in certain acts of crime and destruction, and that the blame was to be placed, not alone on those committing the acts, but in due proportion on those who foster an organization whose conduct led to such acts, did not show a cause of action in the president of the union as an individual.
    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 103; Dec. Dig. § 21.*]

2. LIBEL AND SLANDER (§ 82*)—ACTIONS—PLEADING—PERSON DEFAMED.
    The allegation that a libel referred to plaintiff is not sufficient, unless some fact is alleged to show that plaintiff was intended.
    [Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 82.*]

Action by James M. Lynch against John Kirby, Jr., and others, for libel. Demurrer to the complaint sustained.

Alfred J. Talley, for plaintiff.
A. P. Nevin, for defendants.

NEWBURGER, J. The plaintiff is the president of the International Typographical Union of North America, which has jurisdiction over various and numerous local organizations of persons engaged in the printing trades. The defendants are officers and directors of ·a corporation known as the National Association of Manufacturers of the United States. The plaintiff, by his complaint, alleges that on or about the 13th day of October, 1910, the defendants published false and defamatory matter following, to wit:

"Whereas, the long-continued, cowardly, and recklessly illegal determination of the International Typographical Union to destroy the business of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Los Angeles Times and the influence of its owner, Gen. Harrison Gray Otis, in his efforts in behalf of the principles of industrial freedom, has terminated in the destruction of the Times plant and building by dynamite, the murder of more than a score of employés of the paper, and the injury of many others; and, whereas, the plot contemplated the simultaneous destruction of the homes of Gen. Otis and F. J. Zeehandelaar, at no matter what sacrifice of life: Therefore, be it resolved, that this board recognizes this act of destruction of life and property as in line with the general policy of criminal unionism as exemplified by innumerable cases of resort to the use of dynamite to enforce its doctrine of rule or ruin, and that it places the responsibility therefor, not alone upon the human tools who actually perpetrated the crime, but in due proportion, upon those who in any manner foster an organization whose line of conduct leads to such results"

—and that said statements were published broadcast throughout North America and commented upon in newspapers all over the United States. This action is brought by the plaintiff, not in his representative capacity, but individually. The defendants demurred to the complaint, upon the ground that upon its face the complaint does not state facts sufficient to constitute a cause of action.

[1, 2] I fail to find, either from a reading of the resolution complained of or of the allegations of the complaint, anything that would warrant this court in finding that the plaintiff, as an individual, is referred to in the resolution, or that the same had any reference to the plaintiff as an individual or as an officer of the corporation. It has been repeatedly held that the mere allegation in the complaint that the libel had reference to the plaintiff in itself is not sufficient, unless some fact is alleged to show that the article intended was intended to refer to the plaintiff. Fleischmann v. Bennett, 87 N. Y. 231; Corr v. Sun Printing Co., 177 N. Y. 131, 69 N. E. 288. The article complained of by plaintiff fails to bear out the allegations of the complaint that the same was spoken of and concerning him. It referred to the union of which the plaintiff was an officer, and the mere fact that he was such officer cannot be construed to mean that he fostered such organization for the purpose of committing the crime referred to in the resolution.

For these reasons, the demurrer must be sustained.