CARPENTER v. GLENS FALLS POST CO.   (No. 280/105.)

(Supreme Court, Appellate Division, Third Department.   November 11, 1914.)

LIBEL AND SLANDER (§ 82*)—COMPLAINT—APPLICATION OF LIBEL TO PLAINTIFF.

Under Code Civ. Proc. § 535, providing that in actions for libel the complaint need not state extrinsic facts to show the application to the plaintiff of the defamatory matter, but may state generally that it was spoken of and concerning him, a complaint for libel, which alleged that the defamatory statement was published concerning the plaintiff, states a cause of action, notwithstanding the fact that the first name of the plaintiff differed from the first name as stated in the published article, since that difference does not amount to an extrinsic fact showing that the plaintiff's conclusion was not true.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 187–197; Dec. Dig. § 82.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Washington County.

Action by Bert L. Carpenter against the Glens Falls Post Company. From a judgment dismissing the complaint, plaintiff appeals.   Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John Van Valkenburgh, of Hudson Falls, for appellant.
J. Edward Singleton, of Glens Falls, for respondent.

HOWARD, J.   This is an action for a libel.   Before the evidence was taken, upon motion of the defendant, the complaint was dismissed, upon the grounds that it did not state a cause of action.   The alleged libelous article is as follows:

Officer's Bullet Stops Auto Thief.
Chief "Buffalo" of Ft. Edward Fires Shot into Tire.
Chase of Several Miles.
Copper Starts off in Pursuit in Another
Car—Stolen Machine Owned by
Hudson Falls Man.

After an exciting chase of several miles, Chief Kennedy of Ft. Edward rose in his seat in an automobile cab and shot a hole in the rear tire of the fleeing Overland car owned by William Walling of Hudson Falls and which, it is alleged, was stolen from in front of the Kingsbury Club at 9 o'clock last evening by Sam Carpenter, one of Hudson Falls' most notorious figures in police circles.   Unable to continue further at a great rate of speed, the fugitive stopped the machine and gave himself up.   The capture was effected at a point near Ft. Miller and within a few hours after the theft.   Carpenter was returned to Hudson Falls at 1:45 o'clock this morning and lodged in the village bastile.   He will be arraigned this afternoon.   Carpenter, who was much the worse for drink, jumped into the car, it is alleged, and started off without being detected.   Reaching Main street he turned in the direction of Ft. Edward.   The loss of the car was discovered shortly after 9 o'clock and Officer James Harding of Hudson Falls was notified.   He at once got into touch with the Ft. Edward officer, who after investigation found that the man had passed through Ft. Edward.   He then hired an automobile and set out in his chase, which eventually resulted in a capture as related above.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
149 N.Y.S.—51

The rule of the common law concerning pleading in libel and slander was changed by section 535 of the Code, so that it is unnecessary now for the complaint to state any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter. All that the plaintiff is required to do under that section, after alleging the defamatory matter, is to state generally that the article was published or spoken concerning him. This section requires the plaintiff to state that the defamatory matter refers to him, but he need not allege extrinsic matter to show that his conclusion is correct. Of course, if he pleads matter which shows that the article does not relate to the plaintiff, he contradicts by extrinsic facts his direct assertion that the article does relate to the plaintiff. That was what occurred in Fleischmann v. Bennett, 87 N. Y. 231, and in Corr v. Sun Printing & Publishing Association, 177 N. Y. 131, 69 N. E. 288. To use Judge Vann's expression, the plaintiff in each of those cases "pleaded himself out of court."

In this case before us the plaintiff asserts that the defendant "maliciously published concerning the plaintiff" the article in question. Nowhere in his complaint does he make any statement of facts which contradicts this allegation. The mere fact that he says his name is Bert L. Carpenter, whereas the name used in the defamatory article is Sam Carpenter, is not a contradiction of the assertion that the article was published concerning the plaintiff. Fleischmann v. Bennett and Corr v. Sun Printing & Publishing Association, supra, in no wise conflict with our view here; for if a plaintiff alleges that he has a cause of action, and then alleges facts which show that he has no cause of action, as was in the case in the above citations, his complaint must be adjudged bad. But no such defect is to be found in the pleading before us. The provisions of section 535 are so plain and unambiguous that no "construction" of the section is necessary; and the plaintiff complied with it so completely and literally in this case that to hold the complaint unsound would amount to its utter abrogation. Nunnally v. Tribune Association, 111 App. Div. 485, 97 N. Y. Supp. 908.

The judgment appealed from should be reversed, with costs. All concur, except KELLOGG, J., who dissents.