Kate Corr, Appellant, *v.* The Sun Printing and Publishing Association, Respondent.

Libel — When Complaint in Action for, Is Demurrable for Failing to State Facts Showing Plaintiff to Be the Person Mentioned and Described in the Libel.  Where it appears from the allegation of a complaint in an action for libel that the name, age, occupation, character and reputation of the plaintiff are not the same as the name, age, occupation, character and reputation of the person mentioned and described in the libelous article, and the complaint contains nothing to show that the libel described, or referred to, the plaintiff, except the general allegation that the libel was published of and concerning the plaintiff, the complaint is demurrable on the ground that it appears, upon the face thereof, that it does not state facts sufficient to constitute a cause of action; the provisions of section 535 of the Code of Civil Procedure do not apply where the general averment that the defamatory matter was published of and concerning the plaintiff, is contradicted and rendered nugatory by other allegations of the complaint.

*Corr* v. *Sun Printing & Publishing Co.*, 75 App. Div. 625, affirmed.

(Submitted December 17, 1903; decided January 5, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 21, 1902, which affirmed a judgment of Special Term sustaining a demurrer to the complaint.

The complaint alleges, in substance, that the plaintiff is twenty-six years of age, unmarried, and a resident of the borough of Brooklyn, and was and is a teacher by occupation, employed in one of the public schools of that borough, and until the publication of the libel had always borne a good character and reputation.  The complaint then sets up the incorporation of the defendant and its ownership of the newspaper in question, *The Sun.*

It then alleges that on the 14th day of August, 1901, the

said defendant wantonly, falsely, wickedly and maliciously, with intent to injure and destroy the good name, fame and reputation of the plaintiff, and to cause it to be believed that the plaintiff was guilty of the larceny and felony in the libel described, and was a notorious woman of bad reputation, composed, printed and published in said newspaper, in the regular edition thereof, of and concerning the plaintiff, and distributed and circulated the same widely and at large throughout said city, state and elsewhere, the following false, scandalous, defamatory article and libel, to wit. (The alleged libel is then set forth in full.)

It further alleges : "That by reason of the premises, the plaintiff has been damaged and injured in her character and reputation and held up to public scorn, infamy and disgrace, and has suffered and will continue to suffer great mental pain and anguish, to her damage in the sum of twenty-five thousand dollars."

Judgment is thereupon demanded.

The material portions of the alleged libel are as follows :

"COP CHARMER IN TROUBLE.

"Woman who infatuated many policemen held on charge of stealing a watch.

"Thomas H. * *˙ * a commission merchant of * * * Brooklyn, was in a-closed Myrtle Avenue car on his way home at two o'clock yesterday morning, when a good looking and well dressed woman, who had got on the car with a young man, asked him the time. Thomas H. * * * told her, replaced his gold watch into a waistcoat pocket and fell into a doze ; he missed his watch and prevented the woman from leaving. The man who was with her disappeared. Thomas H. * * * told the conductor to call a policeman, but he refused, and the commission merchant kept guard over the woman until the car reached the borough line at Ridgewood, where Policeman Mahland took both to the. Hamburg Avenue station. Thomas H. * * * insisted on making a complaint, and the woman was held on the charge of grand larceny. She

gave her name as Kate Losee and said she lived at 195 Hamburg Avenue.   The police recognized her as Kittie Carr, the daughter of a former Brooklyn detective.   Several years ago many policemen were infatuated with her.   One, who belonged to the old police station at Flushing Avenue and Whipple Street, Williamsburgh, blew out his brains in the station. Another became insane, a third drank himself to death.   The woman dropped out of sight about three years ago.

"Magistrate O'Reilly, after hearing Thomas H.   *   *   * story, held the prisoner in five hundred dollars bail.   The woman is about thirty-five years old."

*James Troy* and *Thomas H. Troy* for appellant.   It is no longer necessary in an action for libel or slander to state in the complaint any extrinsic fact for the purpose of showing the application to the plaintiff of the defamatory matter, but the plaintiff may state generally that it was published or spoken concerning him, and if that allegation is controverted, the plaintiff must establish it on the trial.   (Code Civ. Pro. § 535.)   This is a case where extrinsic facts might be proved on the trial to show the application of the libel to the plaintiff. (*Johnson* v. *Greene*, 23 Abb. [N. S.] 343 ; *Wesley* v. *Bennett*, 5 Abb. Pr. 498 ; *Mattice* v. *Wilson*, 13 N. Y. Supp. 330 ; *Malone* v. *Stillwell*, 15 Abb. Pr. 421 ; *Peters* v. *M. J. Assn.*, 74 App. Div. 307 ; *Lehman* v. *Tribune Assn.*, 75 N. Y. Supp. 1034 ; *Jacquelin* v. *M. J. Assn.*, 39 App. Div. 515.)

*Franklin Bartlett* for respondent.   There must be an identification of the plaintiff in the libel, either by name or by description.   (*Peters* v. *M. J. Assn.*, 74 App. Div. 305.) The complaint shows on its face by its specific allegations that the article in question was not published of and concerning the plaintiff, Kate Corr.   (*Fleischmann* v. *Bennett*, 87 N. Y. 231.

BARTLETT, J.   The plaintiff seeks to recover damages for an alleged libel published in the defendant's newspaper,

known as *The Sun,* printed and published in the city of New York.

The defendant interposed a demurrer to the complaint on the ground that it appears upon the face thereof it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, with leave to the defendant to answer on terms which were not accepted, and the complaint was dismissed. The Appellate Division affirmed the final judgment duly entered.

The question involved in this appeal is the proper construction to be given section 535 of the Code of Civil Procedure, which reads as follows : " It is not necessary, in an action for libel or slander, to state, in the complaint, any extrinsic fact, for the purpose of showing the application to the plaintiff, of the defamatory matter ; but the plaintiff may state, generally, that it was published or spoken concerning him ; and, if that allegation is controverted, the plaintiff must establish it on the trial.    *    *    *  "

We are of opinion that the complaint in this case brings it within *Fleischmann* v. *Bennett* (87 N. Y. 231), which holds that although the complaint contains the general words of section 535, the defamatory matter was published of and concerning the plaintiff, it does not aid him where this general averment is contradicted and rendered nugatory by other allegations.

This court said : " As the libel neither describes nor refers to the plaintiff, nor to the business in which he was engaged, but names a different business, and a firm of which in a preceding portion of the complaint it is alleged he is not, and never was a member, it is manifest that the plaintiff cannot in any way be connected with the libelous matter set forth. *    *    *    There is no principle which authorizes the introduction of any such evidence, where, on the face of the complaint, it is clearly apparent that the libelous words do not relate to, and have no connection with the plaintiff or his business as stated therein." ·

In the light of this decision let us examine the libel and

the complaint in the case at bar. The libel in substance charges that at two o'clock in the morning, on a Brooklyn street car, a woman about thirty-five years of age was charged with robbing a sleeping man of his watch; was arrested and at the police station gave her name as Kate Losee, living at 195 Hamburg avenue and was held in $500 bail; that the police recognized her as Kittie Carr, the daughter of a Brooklyn detective; that several years ago many policemen were infatuated with her — one blew out his brains — the second became insane — the third drank himself to death.

We have here the description of a thief and an abandoned woman, abroad at two o'clock in the morning, robbing a sleeping passenger on a street car. The plaintiff comes into court and avers that this libel was published of and concerning her, and the question is whether this general averment is rendered nugatory by other allegations.

The plaintiff alleges that her name is Kate Corr (not Carr); that she is twenty-six years of age (not thirty-five); that she is a teacher by occupation, employed in one of the public schools of Brooklyn and had always borne a good character and reputation. The libel does not refer to Kate Corr; it describes a woman with a different name.

It is, doubtless, true that an action for libel may be maintained where the plaintiff is not named, but is indicated by circumstances contained in the article which are capable of direct proof that the plaintiff was the person to whom reference was made. Many cases in the lower courts illustrate this situation, as for instance, a plaintiff is referred to by his business, his place of business, his residence, and other facts, rendering it clear that he, and no one else, was referred to in the libel. In such a case section 535 of the Code applies, and it would be sufficient for the plaintiff to aver that the article was published of and concerning him; it would be unnecessary to allege in detail the facts essential to connect him with the libel.

In the case at bar the libel clearly states the name of a woman who does not bear the name of the plaintiff; it portrays

a woman who years before was known to the police as a notoriously bad character, at a time when this plaintiff may not have attained her majority, driving men to the insane asylum and the grave — a woman, in the language of the libel, who had " dropped out of sight some three years ago."

We are of opinion that it appears upon the face of the complaint that the libel was not published of and concerning the plaintiff, and that the demurrer was properly sustained.

The judgment should be affirmed, with costs.

VANN, J. (dissenting). When an article is not libelous on its face, but becomes so only by reference to extrinsic facts, such facts must be alleged in a traversable form, for they relate to the substance and not to the application of the charge. (*Fry* v. *Bennett,* 5 Sand. 54, 66; *Kinney* v. *Nash,* 3 N. Y. 177; 13 Encyc. of Pl. & Pr. 40.) To such an averment the statute, which changed the rules of pleading in actions for defamation, has no application.

The office of the *colloquium,* as formerly used, was to connect the libelous words with the plaintiff by setting forth facts with much nicety, showing that they applied to him and were so intended by the defendant. (2 Burrill Pr. 318; 2 Humphrey's Prec. 765; 2 Chitty on Pl. 620.) Now, however, if the article is libelous on its face, but fails to identify the person libeled, the statute relaxes the old rule of pleading by providing in express terms that the pleader need not allege " any extrinsic fact for the purpose of showing the application to the plaintiff of the defamatory matter; but the plaintiff may state generally that it was published or spoken concerning him." (Code Civ. Proc. § 535.) That this is an allegation of fact and not of law appears from the further provision that if such " allegation is controverted, the plaintiff must establish it on the trial." No denial of a conclusion of law is ever required in a pleading. By command of the statute, therefore, any extrinsic fact which tends to show that the libel was pointed at the plaintiff, need not be alleged, but he may make the general allegation that it was published concerning him.

While this may not be logical or scientific, a statute is not required to be either. The legislature had the power and exercised it. *Ita lex scripta est.* Hence, the demurrer admits as a fact that the article was published "of and concerning the plaintiff."

This construction is confirmed by the note of the commissioners who reported the original Code to the legislature. Referring to section 141, which is the same in substance as section 535 of the Code of Civil Procedure, they say : This section is "designed to simplify the rules of pleading in libel and slander, in particulars in which the present rules are full of inconvenience and injustice. Where the defamatory matter does not refer directly to the plaintiff, but is connected with him by extrinsic facts, these facts must be set forth by way fo preface or inducement; and so technical has this rule become, that it is frequently very difficult in pleading to show this connection to the satisfaction of the court. The real question is, was the plaintiff intended by the defamatory charge? This, it seems to us, should be matter of evidence and not of pleading. The rule as laid down in a leading case in our courts on the subject (*Miller* v. *Maxwell*, 16 Wend. 9) requires that the extrinsic facts should be so stated as that when read in connection with the defamatory charge, and with the *innuendoes* connecting it with the introductory matter, the conclusion will be inevitable that the plaintiff is the person intended to be slandered. The difficulty of doing so is illustrated in the case just cited. There the plaintiff, in an action for libel averred, by way of *innuendo,* that the defendant, in attributing the authorship of a printed article to *a celebrated surgeon of whiskey memory,* or to *a noted steam doctor,* meant the plaintiff; and it was held, notwithstanding the *innuendo,* that the declaration was bad for the want of an averment in the introductory part thereof that the plaintiff was generally known by these appellations, or that the defendant was in the habit of applying to him these opprobrious epithets. And in a more recent case (*Tyler* v. *Tillotson,* 2 Hill, 507), where a declaration for a libel alleged that the

plaintiff was the editor of a newspaper called the *Ogdensburgh Times*, and that the defendant published of and concerning him, as editor of the said paper, the following words: ' We shall, from time to time, &c., notwithstanding the denial of the ribald convict and recorded libeller who *edits* the *Times* (making the plaintiff the editor of the aforesaid newspaper), called the *Ogdensburgh Times*,' &c., it was held that the declaration was bad, as it contained no sufficient averment showing that the libel referred to and was intended to designate the plaintiff."

I find no authority in this court at variance with these views. *Fleischmann* v. *Bennett* (87 N. Y. 231) is not, because in that case the plaintiff pleaded himself out of court by alleging that he was not in any manner a copartner, owner or agent in any business such as was described in the article, which referred solely to a business carried on by a certain firm and was directed wholly against that firm and its business. While no person was referred to in the article except members of the firm, the plaintiff expressly alleged that he was not a member of the firm and that he had no connection therewith. As it affirmatively appeared that the libel could by no possibility refer to him, the demurrer was sustained. The court said: " While, no doubt, an action for libel may be maintained where the plaintiff is described in the libelous matter, directly or indirectly, without his name, and is pointed out so that it is capable of direct proof that he was intended, yet where the allegations negative such a conclusion and show to the contrary, this rule has no application. There is no principle which authorizes the introduction of any such evidence where, on the face of the complaint, it is clearly apparent that the libelous words do not relate to, and have no connection with the plaintiff, or his business as stated therein. * * * The averment that the publication was of and concerning the plaintiff does not, we think, obviate the difficulty inasmuch as the previous allegation as to the plaintiff's business, and that he was not engaged in the business described in the libel, shows that it could not and did not relate to the

plaintiff, and hence it is not applicable to the facts set forth in the pleading." In other words, the court held that the general allegation authorized by the statute was insufficient when it appeared by the pleading as a whole that it was not possible by proof of extrinsic facts to fasten the libel upon the plaintiff, because he expressly admitted that it did not apply to him.

The pleading before us is quite different, for no allegation excludes proof of any fact tending to identify the plaintiff as the person at whom the libelous article was aimed. No contradiction is required in order to show that she was meant and that she was the only one meant. The name of the plaintiff is correctly stated in the publication, for Kate and Kittie are the same name, one being a nickname and the other a pet name for Catherine. Moreover, the surname of the plaintiff so closely resembles the name in the article as to be pronounced in the same way by persons who speak in a broad or guttural manner. The allegations of the complaint are not inconsistent and they do not, as in the case cited, affirmatively exclude the plaintiff as the person libeled. Proof on the trial of a few extrinsic facts would have fixed the libel upon the plaintiff. Suppose, for instance, evidence were given, pursuant to the permission of the statute, that the plaintiff was known as Kate or Kittie Carr or Corr, some of her acquaintances pronouncing and speaking the surname one way and some the other, but all recognizing her as the person meant by either; that she was also generally known by the name of Losee, the surname of her stepfather, as it may be, or of the man who brought her up; that she resided at No. 195 Hamburg avenue and was the daughter of a former Brooklyn detective named Corr, but widely known both as Carr and Corr; that three policemen belonging to the old police station at Flushing avenue and Whipple street, who were acquaintances of the plaintiff, severally had the experience set forth in the article, and that all these facts were well known to the defendant and its readers; can there be any doubt that such evidence would be competent?

I think the plaintiff is entitled, by virtue of the statute and

the general allegation according therewith, to prove facts of the character suggested without alleging them. Such facts instead of contradicting the other allegations of the complaint, simply show the application of the defamatory matter to the plaintiff. They point out the person to whom the defendant referred. They identify the object of the libel, and it is unnecessary that every detail of the identification should be correct, provided there is enough to properly convince the jury that the plaintiff is the one intended and that her acquaintances would so understand on reading the article. The effect of the statute is to do away with the allegation of such facts as tend to identify the plaintiff as the person libeled. Unless it does this, it does nothing. The legislature intended to simplify pleadings in cases of libel and slander, and the plain language used, in my judgment, requires the construction indicated. While there are some cases in the Supreme Court which hold otherwise, the reasoning is not satisfactory and I think we ought to lay down the correct rule in accordance with the real meaning of the statute. For these reasons I vote to reverse.

PARKER, Ch. J., GRAY and WERNER, JJ., concur with BARTLETT, J.; MARTIN, J., concurs with VANN, J.; HAIGHT, J., absent.

Judgment affirmed.