## NUNNALLY v. NEW YORKER STAATS ZEITUNG.

(Supreme Court, Appellate Division, First Department.    March 9, 1906.)

LIBEL—COMPLAINT—SUFFICIENCY.

Ingraham and Clarke, JJ., dissenting.

Appeal from Special Term.

Action by Florence Nunnally against the New Yorker Staats Zeitung. From a judgment overruling a demurrer to the complaint, defendant appeals.  Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

J. G. Donnelly, for appellant.
G. H. D. Foster, for respondent.

PATTERSON, J.  The article published by the defendant, and which the plaintiff asserts constitutes a libel upon her, relates to the same matter as that considered in the case of Nunnally v. New York Tribune Association (decided herewith) 97 N. Y. Supp. 908.  It differs from the article published in the Tribune in some respects.  There are not as many statements contained in the defendant's article which by proof the plaintiff could show referred to her, but there is enough to enable her to give evidence that she was the person defamed.  It is indisputable that the publication complained of by the plaintiff is libelous per se, and that where a plaintiff is not named, "but is indicated by circumstances contained in the article which are capable of direct proof that the plaintiff was the person to whom reference was made," the action may be maintained.  Corr v. Sun Printing & Publishing Co., 177 N. Y. 135, 69 N. E. 288.  In commenting upon section 535 of the Code of Civil Procedure, it was said in Hauptner v. White, 81 App. Div. 157, 80 N. Y. Supp. 895:

"Undoubtedly, if evidence of any extrinsic fact would connect the plaintiff with this statement, * * * this provision of the Code would apply, and the allegation of such fact in the complaint would be unnecessary."

The allegation that the libelous matter was published of and concerning the plaintiff is one of fact, and under such an allegation a plaintiff may give evidence of all the surrounding circumstances and other extraneous facts which would explain and point out the person to whom the allusion applies, if the general allegation authorized by the Code is controverted by the defendant in his answer. The matter is simply one of identification, and, as said by Vann, J., in Corr v. Sun Printing & Publishing Co., supra:

"The effect of the statute is to do away with the allegation of such facts as tend to identify the plaintiff as the person libeled. Unless it does this, it does nothing."

But assuming that if a libel is so general in its character that it may apply to any of a great number of persons, and is only made to relate to a particular plaintiff by his adoption of it as applicable to himself, the general allegation of identity, authorized by the Code, would be insufficient, then this complaint contains sufficient to enable the plaintiff to give proof under her general allegation. The article states that the young man whose death is referred to therein in his delirium "is said to have repeatedly called the name of the girl, who worked in a wholesale house down town; also to have given her address." That "the detectives Fitzsimmons and O'Leary went to the address given by Melles, but the girl was not at home." Under the allegation of the complaint, the plaintiff could give evidence that she was the person referred to as living at that address. The article also contains the statement that the coroner said: "We naturally are unable to say what is in the case until we have interviewed the girl whose name young Melles gave in his delirium." She could give evidence that she was the person there referred to.

It is insisted by the appellant that the complaint is insufficient because from the character and text of the article no one reading it would understand that it referred to the plaintiff as the party suspected or accused of crime. But the allegation of the complaint in the statement of special damage shows that the plaintiff's employers understood her to be the person referred to in that article, for they discharged her from their employment in consequence of it.

The demurrer was properly overruled, and the interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer the complaint within 20 days from service of a copy of the order to be entered hereon, on payment of costs in this court and in the court below.

O'BRIEN, P. J., and LAUGHLIN, J., concur.

INGRAHAM, J. (dissenting). I do not think that the libel in this case refers to any particular individual, so as to entitle the plaintiff to maintain an action by merely alleging in the complaint, under section 535 of the Code of Civil Procedure, that the libel was published of and concerning her. The libel states the fact of the death of a theatrical agent "with symptons which seem to indicate a case of poisoning";

that "in connection with this death the police are searching for a woman who is said to reside somewhere on the upper East Side." It is further stated that the deceased was said to have repeatedly called the name of a girl who worked in a wholesale house down town, and also to have given her address; that he called to his father, "She has done it. I wish to see her";·that he cried in his delirium, "Here she is again; keep me away from her. She gave me the stuff." It was further stated that a woman called up the apartment house, over the telephone, and asked about the deceased, and, when told that he was ill, said that it was too bad, and that she would call on him in the course of the evening. There is nothing here to connect this person spoken of with any particular woman, so that the proof of any existing fact could show that it applied to the plaintiff. Hauptner v. White, 81 App. Div. 153, 80 N. Y. Supp. 895.

I think the judgment should be reversed.

CLARKE, J., concurs.