SOPER v. ASSOCIATED PRESS.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

LIBEL AND SLANDER—SUFFICIENCY OF COMPLAINT.

A complaint for libel, containing the usual allegations of malice and charging the publication by defendant concerning plaintiff of an article stating that M. saw P. to-day at the county jail, who, with another, was arrested for murder, and insisted that P., under the name of S. (plaintiff), had worked under him, and that P. (or S.) had been an Episcopalian divinity student, whose home was in Toronto, etc., was not demurrable as not stating facts sufficient to constitute a cause of action.

McLennan, P. J., and Nash, J., dissenting.

Appeal from Special Term, Erie County.

Action by Harry G. Soper against the Associated Press. From an interlocutory judgment overruling defendant's demurrer to the complaint, it appeals. Affirmed.

The following is the opinion of Kenefick, J., referred to in the opinion:

The action is for libel in causing to be published in various newspapers this article, viz.:

The complaint alleges that in the publication of said article the defendant "charged the plaintiff with the commission of the crime of murder," and further alleges "that the said Merrifield, mentioned in said item, did not at any time or place identify the said man Parker therein referred to as this plaintiff, but, on the contrary, at the jail in the city of Detroit, after seeing him, positively and unequivocally refused to identify him, and positively stated then and there that he was not this plaintiff." The complaint also alleges, in the form permitted by section 535 of the Code, that the article was published of and concerning the plaintiff. A demurrer is interposed on the ground that the facts stated in the complaint are not sufficient to constitute a cause of action.

The article does not accuse any person of the commission of murder as the complaint alleges. It simply asserts that a man is in jail under arrest upon a charge of murder. To say that a man is under arrest for murder is not equivalent to a declaration that he is guilty of murder. The former assertion is much less harmful and injurious. We may disregard the allegation of the complaint in this regard, for to publish that a person is under arrest charged with crime is libelous. Odgers on Libel and Slander (4th Ed.) p. 16; Sun Pub. Co. v. Schenck, 98 Fed. 925, 40 C. C. A. 163. The innuendo may be rejected as surplusage, if the words themselves in their natural and obvious signification are actionable per se. Odgers, p. 111.

It is urged on behalf of the demurrant that, notwithstanding the declaration of the complaint that the article was published of and concerning the plaintiff, the language of the article is not susceptible of application to this plaintiff, and that the allegation of the complaint that Merrifield did not identify Parker as the plaintiff, but, on the contrary, after seeing him in jail, declared that he was not the plaintiff, distinctly negatives the claim that the article applied to the plaintiff. Conceding the fact that there was a man in jail at Detroit charged with the murder mentioned in the article, the plaintiff's contention is that the article is susceptible of the meaning that the plaintiff was the man, and that the allegation of the complaint last above referred to simply asserts the falsity of the article in so far as the article charges that the man was identified as the plaintiff. Under the allegation of the complaint that the publication was of and concerning the plaintiff, it would be competent for the plaintiff to show that he had worked under Merrifield at the Lenox Hotel, that plaintiff had been an Episcopalian divinity student, whose home was at Toronto, and that he had lost his eye about three years ago in a firecracker accident; and upon proof of such facts I think it would be a question for the jury as to whether the fair meaning of the publication was to charge the plaintiff with being under arrest on a charge of murder. "In an action for defamation, if the application or meaning of the words is ambiguous, or the sense in which they are used is uncertain, and they are capable of a construction which would make them actionable, although at the same time an innocent sense can be attributed to them, it is for the jury to determine upon all the circumstances whether they were applied to the plaintiff and in what sense they were used." Sanderson v. Caldwell, 45 N. Y. 401, 6 Am. Rep. 105.

Nor do I think that the allegations of the complaint denying that Merrifield identified the man in jail as Soper render nugatory the declaration that the publication was of and concerning the plaintiff, within the rule laid down in Corr v. Sun Pub. Ass'n, 177 N. Y. 131, 69 N. E. 288. It is simply an assertion of the falsity of the article so far as it relates to identification by Merrifield. If the complaint here alleged that the plaintiff here had never worked at the Lenox Hotel, was not a divinity student, that Toronto was not his home, and that he had not lost an eye, the similarity between this case and the Corr Case would be more apparent.

I am of the opinion that the complaint is good under the rules laid down in Nunnally v. Tribune Association, 111 App. Div. 485, 97 N. Y. Supp. 908, and Nunnally v. New Yorker Staats-Zeitung, 111 App. Div. 482, 97 N. Y. Supp. 911, and that the demurrer must be overruled, with costs, with leave to defendant to plead anew on payment of costs.

The action is for libel, and the complaint contains the usual allegations of malice, and alleges the publication by the defendant of and concerning the plaintiff of the following article:

"Detroit, Mich., Aug. 14.—Head Waiter Merrifield, of the Russell House Café, to-day at the county jail saw Harry Parker, who, with Harry Johnson, was arrested at Cleveland charged with the murder of Pawnbroker Joseph Meyer in this city July 28th. Merrifield insisted that Parker, under the name of Harry Soper, worked under him a year ago in the Lenox Hotel at Buffalo. He said that Parker (or Soper) had been an Episcopalian divinity student, whose home was at Toronto, and that the prisoner lost his eye about three years ago in a firecracker accident."

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

James McCormick Mitchell, for appellant.
H. B. Butterfield, for respondent.

KRUSE, J. The defendant challenges the sufficiency of the complaint, contending that it fails to state facts sufficient to constitute a

cause of action. To raise that question the defendant demurred to the complaint upon that ground. The demurrer was overruled, and the defendant appealed to this court. We think the demurrer was properly overruled, for the reasons stated by Mr. Justice Kenefick in his opinion at Special Term, with which we fully agree. . We desire to add a single suggestion, and call attention to the reasoning and authority of a case in support thereof.

It is contended in support of the demurrer that, although the complaint expressly alleges that the article was published of and concerning the plaintiff, the statements contained in the article, in connection with the subsequent allegations of the plaintiff, show to the contrary, so that the plaintiff has pleaded himself out of court; that what was said in the article concerned the man in prison, who, in fact, was not the plaintiff, and therefore the article could not refer to him; that but one person was referred to. This conclusion does not necessarily follow; for if it is true, as is contended by the plaintiff, that the article intended to charge, and it was so understood, that the person then in prison was the plaintiff, it cannot be said that it was not published of and concerning him.

A like question arose in the case of Palmer v. Bennett, 83 Hun, 220, 31 N. Y. Supp. 567. In that case an article contained an account of an intoxicated tramp, who was arraigned in the police court and gave his name as Edward E. Palmer. This was published, with the statement that Edward E. Palmer was for several years president of the De Kalb Avenue Railroad in Brooklyn, and was at one time president of a bank in that city, and a resident of De Kalb avenue. In the action for libel it was shown that the plaintiff's name was Thomas Palmer; that he had been president of the De Kalb Avenue Railroad for eight years, and was the only person by the name of Palmer who had been president of it; that he had resided on De Kalb avenue for 23 years. It was there argued, along the same line as is argued here, that the article referred to the Palmer in prison, and not to Palmer, the plaintiff. Judge Cullen, in disposing of the defendant's claim adversely to the defendant, says (page 221 of 83 Hun, and page 568 of 31 N. Y. Supp.) :

"The first point urged against this recovery is that the libel did not refer to the plaintiff, but to Edward E. Palmer, the person arrested, and that the court erred in submitting that question to the jury, instead of dismissing the complaint. We do not understand the defendant to contend that it was necessary that the plaintiff should have been named, or that it was not sufficient that the description or reference in the libel should identify him. That such is not the law is well settled. Townshend on Libel, § 131, note, 543; Sumner v. Buel, 12 Johns. 475. But his claim is that the article was published of the prisoner, Edward E. Palmer, and that of him the libelous portion of the article was true. In a sense this is correct. The article was published of that Palmer, the prisoner; but it does not follow that it might not reflect upon others. If false, it contained a libel on Edward E. Palmer because of the charge of his vagrancy and arrest. But, when the article charged the identity of the plaintiff and Edward E. Palmer, there was then a libel on the former. If it is affirmed that A. and B. are the same person, and that B. has committed an offense, it is thereby affirmed that A. has committed the offense. If A. and B. are in fact different persons, and the charge made is false as to both, then there is a libel on each; if false as to either, then there is a libel on the one who is innocent. The evidence fully justified the submission to the jury of

the question whether the article referred to the plaintiff, as well as to the man arrested, and the motion to dismiss the complaint was properly denied."

We do not think that the facts in this case come within the rule of Fleischmann v. Bennett, 87 N. Y. 231, and Corr v. Sun Printing & Publishing Association, 177 N. Y. 131, 69 N. E. 288, but rather within the facts in the cases of Nunnally v. New Yorker Staats Zeitung, 111 App. Div. 482, 97 N. Y. Supp. 911, and Nunnally v. Tribune Association, 111 App. Div. 485, 97 N. Y. Supp. 908, both of which cases have been affirmed in the Court of Appeals, as we understand, and where it was held that the complaint was sufficient, and the demurrer thereto was overruled.

The interlocutory judgment overruling the demurrer should be affirmed, with costs, with leave to plead over upon the usual terms.

SPRING and WILLIAMS, JJ., concur.

NASH, J. (dissenting). Same grounds as in Soper v. Butler, infra.

McLENNAN, P. J., concurs.