SOPER v. BUTLER.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

LIBEL AND SLANDER—SUFFICIENCY OF COMPLAINT.
　　A complaint for libel, containing the usual allegations of malice and charging the publication by defendant concerning plaintiff of an article stating that M. saw P. to-day at the county jail, who, with another, was arrested for murder, and insisted that P., under the name of S. (plaintiff), had worked under him, and that P. (or S.) had been an Episcopalian divinity student, whose home was in Toronto, etc., sufficiently stated a cause of action as against a demurrer, though amplified by a bill of particulars stating facts tending to show, not only that the dispatch was published in good faith, but also that plaintiff was not the person referred to in the dispatch.
　　McLennan, P. J., and Nash, J., dissenting.

Appeal from Special Term, Erie County.

Action by Harry G. Soper against Edward H. Butler. From a judgment for defendant, and an order denying plaintiff's motion for new trial made on the minutes, under Code Civ. Proc. § 999, he appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

H. B. Butterfield, for appellant.
Simon Fleischmann, for respondent.

KRUSE, J. The action is for libel. The alleged libelous article is the same dispatch as that set forth in the action of the same plaintiff against the Associated Press, with the addition of a heading thereto and a statement appended to the dispatch. Upon the trial the defend-

ant made a motion to dismiss the complaint upon the ground that the complaint, as amplified by the bill of particulars, does not state a cause of action, specifically claiming that it appears by the complaint and bill of particulars that the matter was not published of and concerning the plaintiff, and does not relate to the plaintiff in any manner. The motion was granted, and the plaintiff excepted.

We think the heading and statement appended to the published dispatch, and the additional facts contained in the bill of particulars, are not of such a character as to take the case out of the effect of the decision of the case of Soper v. Associated Press (decided herewith) 101 N. Y. Supp. 342. While these facts tend to show, not only that the dispatch was published in good faith, but also that the plaintiff was not the person referred to in the dispatch, we cannot say as a matter of law that the general allegation of the plaintiff that the article published of and concerning him was superseded by these additional facts and the other allegations of the complaint, making it appear thereby that it was not published about the plaintiff. If we are correct in the conclusion we have reached, it follows that the complaint should not have been dismissed.

The judgment and order denying the motion for a new trial should be reversed, and a new trial ordered; costs to the appellant to abide the event.

SPRING and WILLIAMS, JJ., concur.

NASH, J. (dissenting). The alleged libel is an Associated Press dispatch, with the addition of a heading:

"Murderer Parker Not Known Here.

"Story from Detroit That He was Employed at Lenox Hotel Here Denied."

The dispatch, as published in the defendant's newspaper, reads as follows:

"Detroit, Mich., Aug. 14.—Head Waiter Merrifield, of the Russell House Café, to-day at the county jail saw Harry Parker, who, with Harry Johnson, was arrested at Cleveland charged with the murder of Pawnbroker Joseph Meyer, in this city July 28th. Merrifield insisted that Parker, under the name of Harry Soper, worked under him a year ago in the Lenox Hotel at Buffalo. He said that Parker (or Soper) had been an Episcopalian divinity student, whose home was at Toronto, and that the prisoner lost his eye about three years ago in a firecracker accident."

The person referred to in the body of the dispatch is Harry Parker, who, with Harry Johnson, was arrested at Cleveland, charged with the murder of Pawnbroker Joseph Meyer, who, Head Waiter Merrifield, of the Russell House Café, insisted worked under him in the Lenox House at Buffalo under the name of Harry Soper. Merrifield said that Parker (or Soper), or Parker under the assumed name of Soper, had been an Episcopalian divinity student, whose home was at Toronto, and that the person had lost an eye in a firecracker accident. The language of the dispatch is unambiguous. But one person is mentioned or referred to in the dispatch, and that was the prisoner, then in jail in Detroit, charged with the murder of Meyer. Not that the per-

son there was Harry Soper, but a person whom Merrifield recognized as having assumed the name of Harry Soper. The article in no way refers to the person in jail as the real Harry Soper. On the contrary, it referred to a person who had assumed his name. The statement, reduced to its simplest form, is:

"Merrifield insisted that Harry Parker, the prisoner, had worked at the Lenox Hotel in Buffalo under an alias."

It is urged that under the pleadings the plaintiff has brought his case within the principle held in Fleischmann v. Bennett, 87 N. Y. 231, and Corr v. Sun Ass'n, 177 N. Y. 131, 69 N. E. 288. I prefer to place the decision upon the ground that the publication complained of does not purport to refer to the plaintiff, but to the person recognized by Merrifield as having at one time assumed his name.

McLENNAN, P. J., concurs.