(53 Misc. Rep. 95)

BERGSTROM et al. v. RIDGWAY–THAYER CO.

(Supreme Court, Special Term, New York County.  February, 1907.)

LIBEL—ACTION BY FIRM.

In an action by a firm for libel, it is sufficient to allege and prove that the article complained of was published concerning the partners individually.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 174.]

Action by Oscar B. Bergstrom and Henry A. Taylor against the Ridgway-Thayer Company.  Demurrer to complaint overruled.

Oscar B. Bergstrom, for plaintiffs.
Clarence J. Shearn, for defendant.

O'GORMAN, J. The action is for libel, and the defendant demurs on the ground that the complaint does not state a cause of action. In the article complained of the plaintiffs, who are copartners, are referred to by their firm name. Counsel for the defendant argues:

"That, while the action is brought for libel, the allegations in the complaint not only negative any claim or inference that the article was published of or concerning the partnership, but distinctly set forth that the article was published concerning the individual plaintiffs."

It is apparent that the counsel misconceives the partnership relation. A partnership, unlike a corporation, is not an entity. A firm, as such, is not regarded as having any legal existence apart from the members composing it. 22 Am. & Eng. Encyc. of Law, 75. When copartners are libeled under their firm name, the wrong is done to the individuals composing the copartnership, and as individuals they are entitled to redress, and may maintain a joint or several action. 18 Am. & Eng. Encyc. of Law, 1055.

The objectionable article is actionable per se, and special damages need not be alleged. A publication is libelous per se when it has a tendency to injure a person in his business or occupation, or exposes him to public hatred, contempt, ridicule, or disgrace. The writing complained of is capable of a construction making it actionable on both of the above grounds. By appropriate averment the complaint sets forth the defamatory matter, that the plaintiffs are copartners carrying on business under the firm name therein mentioned, and that the article was published of and concerning them. This latter allegation is not contradicted by the other averments of the complaint, and Corr v. Sun Printing & P. Co., 177 N. Y. 134, 69 N. E. 288, is therefore inapplicable.

The cause of action is well pleaded, and the demurrer is overruled, with costs.

Demurrer overruled, with costs.