(55 Misc. Rep. 570.)

## LYONS v. NEW YORK HERALD CO.

(Supreme Court, Special Term, New York County. August, 1907.)

LIBEL—COMPLAINT—DEMURRER.

The complaint in a libel suit set up a publication charging a street car conductor to have been in complicity with pickpockets on a certain occasion, and the complaint averred that the matter was published concerning plaintiff, who was a conductor of the particular car which was the scene of the theft. *Held*, that a demurrer to the complaint on the ground that there was no sufficient identification of the plaintiff as conductor would be overruled.

Action by John Lyons against the New York Herald Company. Demurrer to complaint overruled.

Maurice Simmons, for plaintiff.
Robert W. Candler, for defendant.

BISCHOFF, J. The matter published concerning the plaintiff charges that he, the conductor of a street car, was in complicity with pickpockets upon the car. The defendant makes no contention that the words published were not libelous per se; and, indeed, there can be no reasonable ground for argument against the sufficiency of the complaint, so far. It is urged, however, that there is no actual identification of the plaintiff as the "conductor" in the article published, and that, upon the question of identity, the words employed fail to afford an indication that the plaintiff was intended which may be borne out by proof to connect him with the articles.

The averment that the matter was published concerning the plaintiff suffices, if his identity is indicated by circumstances in the article which are susceptible of direct proof at the trial. Corr v. Sun Pub. Co., 177 N. Y. 131, 69 N. E. 288; Code Civ. Proc. § 535. Here the articles, as alleged, described a certain car-theft inquiry; and the libel was directed to the conductor of the car. Certainly the circumstances indicate the availability of evidence to show that this plaintiff was the conductor of the particular car which was the scene of the theft, and this is enough. Nunnally v. New Yorker Staats-Zeitung, 111 App. Div. 482, 97 N. Y. Supp. 911, 186 N. Y. 532, 78 N. E. 1107; Townes v. New York Evening Journal P. Co., 109 App. Div. 852, 96 N. Y. Supp. 822.

The demurrer must be overruled, with costs, with leave to defendant to plead over upon payment of costs within 20 days.

Demurrer overruled, with costs, with leave to defendant to plead over upon payment of costs within 20 days.