opinion. Judgment affirmed, with costs, on memorandum handed down on motion for reargument. 108 N. Y. Supp. 821. Order filed.

POUNDS, Respondent, v. EGBERT et al., Appellants. (Supreme Court, Appellate Division, Second Department. February 28, 1908.) Action by Lewis H. Pounds against George W. Egbert and another. No opinion. Motion granted.

POUNDS, Respondent, v. EGBERT et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 11, 1908.) Action by Lewis H. Pounds against George W. Egbert and another. No opinion. Motion denied.

POWERS, Respondent, v. VILLAGE OF MORAVIA, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 4, 1908.) Action by Mary A. Powers against the village of Moravia. No opinion. Motion for reargument denied, with $10 costs. Motion for leave to appeal to Court of Appeals denied.

PURCELL, Respondent, v. CITY OF NEW YORK, Appellant, et al. (Supreme Court, Appellate Division, First Department. March 6, 1908.) Action by Alban W. Purcell against the city of New York, impleaded. T. Connoly, for appellant. R. Goeller, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

SCOTT, J., dissents.

QUINN, Respondent, v. SUN PRINTING & PUBLISHING CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 4, 1908.) Action by Francis J. Quinn against the Sun Printing & Publishing Company. No opinion. Interlocutory judgment (105 N. Y. Supp. 1092) affirmed, with costs, upon the authority of Soper v. Associated Press, 115 App. Div. 815, 101 N. Y. Supp. 342, affirmed 188 N. Y. 550, 80 N. E. 1120, with leave to the defendant to plead over upon payment of the costs of the demurrer and of this appeal.

In re QUITTMEYER. (Supreme Court, Appellate Division, Second Department. February 28, 1908.) In the matter of the application of Ernest Martin Quittmeyer for admission to the bar. No opinion. Application granted.

RAMAGE, Respondent, v. PENTON PUB. CO., Appellant. (Supreme Court, Appellate Division, First Department. March 20, 1908.) Action by George W. Ramage against the Penton Publishing Company. L. W. Thompson, for appellant. J. E. Duross, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

RAMAGE v. PENTON PUB. CO. (Supreme Court, Appellate Division, First Department. April 16, 1908.) Action by George W. Ramage against the Penton Publishing Company. No opinion. Motion denied, with $10 costs. Order filed.

RANSOM v. RANSOM. (Supreme Court, Appellate Division, First Department. April 10, 1908.) Appeal from Special Term. Action by Porte V. Ransom against Eva B. H. Ransom for a divorce. From a final judgment (104 N. Y. Supp. 198) for plaintiff, defendant appeals. Affirmed. George F. Canfield, for appellant. George P. Breckenridge, for respondent.

PER CURIAM. Judgment affirmed, with costs.

LAUGHLIN, J. (concurring). I am constrained by the authority of precedents, neither distinguishable upon principle nor upon the material facts, to concur in the affirmance of the judgment. Originally the theory upon which the courts of this state refused to recognize a decree of divorce granted in another state or territory against a resident of this state, who was not served personally within the jurisdiction of the court and did not appear in the action, was upon grounds of public policy, owing to the fact that in other states and in the territories divorces were authorized upon grounds not recognized by our public policy as sufficient to justify such a decree. People v. Baker, 76 N. Y. 78, 32 Am. Rep. 274; Matter of Morrison, 52 Hun, 102, 5 N. Y. Supp. 90, affirmed 117 N. Y. 638, 22 N. E. 1130, and cases cited. The rule, however, has been extended, and it must now be regarded as the settled law of this state that, even though the foreign divorce was obtained upon the ground upon which a divorce may be obtained in this state, the decree against a resident of this state will not be recognized here, unless the defendant was served personally within the jurisdiction of the court or duly appeared in the action. McGown v. McGown, 19 App. Div. 368, 46 N. Y. Supp. 285; affirmed on opinion below, 164 N. Y. 558, 58 N. E. 1089. The late federal decisions, although disapproving of the doctrine that the courts of one state may upon grounds of public policy decline to give full faith and credit to judgments recovered in another state or territory, sustain these decisions of our court upon the ground that the foreign state or territory did not obtain jurisdiction over the nonresident by substituted service. Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867. This rule, however, must, by the controlling authority of the federal decisions, be limited to cases where the matrimonial domicile was not in the foreign state or territory; for, if the matrimonial domicile be in the state or territory where the action is brought, the court there may acquire jurisdiction over a nonresident defendant by substituted service, and its decree must be accepted in every other state and territory. Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794. This unfortunate state of the law relating to divorces, by which a divorce is regarded as valid in one state and void in another, with all the deplorable consequences which shock the sensibilities of decent men and women and bring untold disgrace and misery on their innocent offspring, may, I think, be ameliorated to some extent by the legislative and