### SLOBODIN v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

LIBEL AND SLANDER (§ 82*)—PLEADING—COMPLAINT.

In an action for libel by S., the article complained of was an account of the operations of an association which maintained a "court," the person who presided over the court being termed a "Solomon." The article stated that "wife desertion and bigamy are frequent," and contained an account of a conversation between "Solomon" and "Isaac, a young Russian Jew," when "Isaac's" wife appeared, who was called Mrs. S. and the complaint alleged that the article was published of and concerning plaintiff. Held, that the complaint was demurrable, as it did not directly connect plaintiff with any particular one of the parties in the article.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 188; Dec. Dig. § 82.*]

Clarke, J., and Patterson, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Henry L. Slobodin against the Sun Printing & Publishing Association. Appeal by defendant from a judgment overruling a demurrer to the complaint. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

James M. Beck, for appellant.
Rodolphe Claughton, for respondent.

INGRAHAM, J. The action was to recover for a libel. The article, which is set out in full in the complaint, is an account of the operations of a voluntary association called the "Educational Alliance" on the east side of the city of New York. It is alleged to maintain what is called a "court" to which thousands resort, and the article is to show the contrast between the methods adopted by the "Solomon" who presides over this "court" and a regular judge. In the course of the article the difficulties of an immigrant who comes to this country are spoken of. The article says that "wife desertion and bigamy are frequent," and the appearance of "Isaac, a bearded young Russian Jew," before Solomon, who presides in this "court," is narrated. It commences with an account of a conversation between Solomon and Isaac, when Isaac's wife appears, and she is called Mrs. Slobodin. There is not the slightest indication that this account had any relation to the plaintiff, and there is no allegation that the plaintiff was ever before Solomon; nor is there anything said that would connect the plaintiff with the transaction here detailed. Here is an evidently fictitious narrative in which several characters are introduced. One of them is called Mrs. Slobodin, and her husband is addressed as Mr. Slobodin. The plaintiff, Henry L. Slobodin, alleges

---

that the article was published of and concerning him, not that he is the one mentioned as the Isaac Slobodin, or any of the other characters in this article. I think that, to make this libelous, the plaintiff must be directly connected with one of the characters in this article, and it must be alleged that that character was intended to represent him. I cannot see that the mere allegation that this article was published of and concerning the plaintiff makes him any more Isaac than it makes him Solomon or anybody else there referred to. It might well be published of and concerning the plaintiff, if the plaintiff were Solomon and then not be a libel. If the character of Isaac Slobodin was intended to represent the plaintiff, it might be that the article would be libelous; but a general allegation that the article was published of and concerning the plaintiff, not specifying which of the characters spoken of in the article represented the plaintiff, where several characters are introduced, was not sufficient to sustain the complaint. See Nunnally v. Tribune Association, 111 App. Div. 485, 97 N. Y. Supp. 908, affirmed on opinion below, 186 N. Y. 533, 78 N. E. 1108.

The judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint within 20 days upon payment of costs in this court and in the court below.

LAUGHLIN and SCOTT, JJ., concur. PATTERSON, P. J., dissents.

CLARKE, J. I dissent on Nunnally v. N. Y. Staats Zeitung, 111 App. Div. 482, 97 N. Y. Supp. 911, affirmed on opinion below, 186 N. Y. 532, 78 N. E. 1107.