### DAILEY v. BOBBS–MERRILL CO. et al.

(Supreme Court, Special Term, New York County. January 3, 1912.)

1. LIBEL AND SLANDER (§ 80*)—LIBELOUS WORDS—COMPLAINT—"NOVEL."

A complaint, in an action for libel, which alleges that defendant published and circulated a "book or novel" in which he referred to plaintiff in terms set out, does not negative by reason of the use of the word "novel" the allegation that the article complained of referred to plaintiff, though strictly speaking the characters in a novel are fictitious.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 184–186; Dec. Dig. § 80.*]

2. LIBEL AND SLANDER (§ 6*)—LIBEL PER SE.

A publication that plaintiff was the star eater of a hotel, that he used to have four canvas back ducks cooked, selected one, and used only the juice from the others, that he ordered soup at a dollar a plate, and that he had bought a case of champagne with each meal, drinking only the top glass from each bottle, is not libelous per se, because not affecting the reputation of plaintiff unfavorably.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

3. LIBEL AND SLANDER (§ 86*)—LIBEL PER SE—INNUENDOES.

Where alleged libelous words are unambiguous and their obvious import is a harmless one, innuendoes attributing to them a meaning which they are incapable of bearing do not make the words libelous.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 205–208; Dec. Dig. § 86.*]

Action by William H. Dailey against the Bobbs-Merrill Company and another. Demurrer to complaint sustained.

Herman D. Sears, for plaintiff.
John L. Lockwood, for defendants.

DAVIS, J. Demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges that the defendants published and circulated a book or novel entitled "The Heart Line," in which they referred to the plaintiff in the following terms:

"And Dailey, the Star Eater of the Palace Hotel—he used to have four canvas back ducks cooked, selected one, and used only the juice from the others; he ordered soup at a dollar a plate; and he had a happy way of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.buying a case of champagne with each meal, drinking only the top glass from each bottle."

[1] It is claimed by the defendant that other parts of the .complaint negative the allegation that the matter was published of and concerning the plaintiff, and we are referred to the statement of the complaint that the article was published in "a book or novel." The defendant claims that the characters in a novel are fictitious, and therefore the Dailey mentioned in this article must be fictitious according to the plaintiff's allegation, and that under the case of Corr v. S. P. & P. Ass'n, 177 N. Y. 131, 69 N. E. 288, the demurrer must be sustained. Strictly speaking, the characters in the novel are created by the author. But in these days there are many books popularly referred to as novels in which the characters are thinly veiled representations of actual persons. And where, as in this case, the vehicle of the alleged libel is stated to be a "book or novel," I cannot see that the use of the word "novel" necessarily contradicts or renders nugatory the allegation that the article in question referred to the plaintiff. Moreover, when the fact of publishing is alleged, it is stated to be in a "book." The Corr Case is hardly in point.

[2] But the matter is not libelous per se, either standing alone or in connection with the surrounding statements. It would be a strained construction to give to this publication to say that it could affect the reputation of the plaintiff unfavorably with the people generally. The pleader has attempted by innuendo to give a libelous aspect to the words. These words are not ambiguous. They are easily understood, and have but one obvious import—a harmless one.

[3] The innuendoes attribute to them a meaning which they are incapable of bearing. They therefore do not establish the words as libelous, and, as there is no allegation of special damage, the demurrer must be sustained. See Morrison v. Smith, 177 N. Y. 366, 369, 69 N. E. 725.

Demurrer sustained, with costs.