ADELIA SECOR, Respondent, v. SUNDAY TELEGRAM CORPORATION, Appellant.

Third Department, March 15, 1928.

**Libel and slander — pleadings — complaint is insufficient.**

The complaint in this action to recover damages for alleged libel is insufficient. The complaint alleges that the defendant published an article entitled: " Many named in Shame Crusade; " that the article was based on a complaint filed by the New York Civic League in the Albany county clerk's office against certain alleged houses of ill repute; that the article stated that a house known as " 89, 91½ " Hudson avenue was complained against; that plaintiff is a tenant of the second and third floors of said premises and so occupied them for

the last five years. The complaint does not allege that the article was published of and concerning the plaintiff and the only allegation that the article in any way refers to the plaintiff is that it specified the numbers "89, 91½" Hudson avenue, the residence of the plaintiff, which numbers were not given in the complaint filed by the New York Civic League.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of Albany on the 9th day of November, 1927.

*Henry J. Crawford,* for the appellant.

*Joseph J. Wallace,* for the respondent.

WHITMYER, J. The action has been brought by plaintiff to recover damages for an alleged libel, contained in the June 19, 1927, issue of defendant's paper, *The Sunday Telegram.* The article was based on a complaint of the New York Civic League, on file in the Albany county clerk's office. That complaint named certain persons and certain properties, complained against in a vice crusade, among them " Anna M. Boardman and a certain lot or parcel of land and building located thereon known as 32 William Street, in the City of Albany, N. Y., * * * Lena Robarge, whose true name is not known and all other persons unknown claiming ownership, right, title or interest in the property affected by this action," and stated that the said Anna M. Boardman owned said property and that it was located " on the west side of William Street and the north side of Hudson Avenue, between William and Grand, 25.25 feet wide on south and 23.01 north, having a depth of 78.74 feet (thus known as 32 and 24 [34] William Street)." The article was published under the heading " Many named in Shame Crusade " and, among other things, stated that " the places against which the padlock proceedings have been started and * * * the names of the owners and occupants are as follows: 32 William St., Anna M. Boardman. On West side of William St., and north side of Hudson Ave., known as 89, 91½, 3 story brick building, north side of Hudson Ave., between William and Grand, 25.25 feet wide on south and 23.01 north, has a depth of 78.74 feet. (This known as 32 and 34 William St.) " The complaint on file did not mention any numbers on Hudson avenue, as they were set forth in the article. And plaintiff was not named either in the complaint or in the article. In her complaint she alleges only that she " occupies the second and third floors of premises No. 91 and 91½ Hudson Avenue, * * * owned by Anna M. Boardman and has * * * for five years last past." Occupancy of the two of the three floors of the premises at 91 and 91½ Hudson avenue is the only connection alleged. And she does not allege

that the article was published of and concerning her. The complaint is insufficient. (Rules of Civil Practice, rule 96; *Corr* v. *Sun Printing & Publishing Association*, 177 N. Y. 131, 134, 135; *Fleischmann* v. *Bennett*, 87 id. 231, 237.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, unless within twenty days plaintiff serves an amended complaint and pays said costs.

Van Kirk, P. J., Hinman, Davis and Hill, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, unless within twenty days plaintiff serves an amended complaint and pays said costs.