Larry Esco **MIDDLEBROOKS**, Appellant,

v.

**CURTIS PUBLISHING COMPANY,**
Appellee.

No. 12672.

United States Court of Appeals
Fourth Circuit.

Argued Dec. 5, 1968.
Decided July 14, 1969.

Kenneth L. Holland, Camden, S.C., (James P. Mozingo, III, D. Kenneth Baker, Darlington, S.C., and John C. West, Camden, S.C., on brief) for appellant.

Carlisle Roberts, Columbia, S.C., and John J. Runzer, Philadelphia, Pa., (W. Croft Jennings, Jr., Columbia, S.C., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

We affirm the judgment for the defendant in this action for libel and invasion of privacy.

In its March 16, 1963 issue, The Saturday Evening Post published an article entitled "Moonshine Light, Moonshine Bright." It was listed in the index under fiction and the article itself was at one point designated fiction. The story was set in Columbia, South Carolina and used the names of actual streets and places there. Cartoons were employed to illustrate the story. The article featured two teenagers, Esco Brooks and Earl Edge, whose desperate concern was the upkeep of their automobile. In realizing their objective, the boys committed a number of thefts.

The author of the story, William Price Fox, and the plaintiff, Larry Esco Middlebrooks, had grown up together in Columbia. They were close friends as boys and continued to correspond and to see each other after both had left Columbia. Middlebrooks was known to Fox and his other boyhood friends in Columbia as "Esco," though later and to those in the community where he now resides, he is generally known as "Larry."

In the author's successful first book, *Southern Fried,* a character named Esco Middlebrooks was prominently featured. That was exactly the name by which the plaintiff had been known as a boy in Columbia. After publication of *Southern Fried,* the plaintiff sent Fox a postcard congratulating him on the success of the book. No reproach was voiced over the use of the name "Esco Middlebrooks" for a character whose conduct was equally as censurable as that of Esco Brooks in the Post story.

Approximately one month prior to the publication of "Moonshine Light, Moonshine Bright" Fox called Middlebrooks to inform him that he had sold the story to the Saturday Evening Post and that the plaintiff's name would be used in the story. Since Middlebrooks was not at home, this message was left with his wife. Shortly thereafter Middlebrooks sent Fox a collect telegram stating: "Do not use my name in any other books or stories. No hard feelings. Esco." After consultation with the fiction editor of the Post, Fox decided to rename the character "Esco Brooks." The plaintiff was informed by Fox of the change in a letter which stated, "I changed your name to Brooks in the Sat. Evening Post story that is coming out in March." There was no further communication between the two prior to the publication of the article.

After the story was published, Middlebrooks brought suit alleging impairment of his reputation and subjection to ridicule. The District Court found that although the story was "libelous * * * as to the character 'Esco Brooks,' * * * persons reading the story could not conclude reasonably under the circumstances that the 'Esco Brooks' depicted in the story was in fact, or was intended to be, plaintiff." We think the legal standard applied appropriate and the factual determination not clearly erroneous.

■ The plaintiff claims entitlement to judgment because he produced many witnesses who testified as to their belief that the character, Esco Brooks, portrayed in the story was the plaintiff. This is said to compel the finding that the libel was published of or concerning Middlebrooks. The test, however, is whether "[the fictional character] could reasonably be understood as a portrayal of plaintiff * * *." [1] As the Eighth Circuit observed in Davis v. R. K.O. Radio Pictures, Inc.,[2] "[m]anifestly it would not be sufficient to establish a cause of action that someone said he understood that the character

1. Davis v. R.K.O. Radio Pictures, Inc., 8 Cir., 191 F.2d 901, 904; Accord, Fetler v. Houghton Mifflin Co., 2 Cir., 364 F.2d 650; Wheeler v. Dell Publishing Co., 7 Cir., 300 F.2d 372; Clare v. Farrell, D.C.Minn., 70 F.Supp. 276; Landau v. C.B.S., 205 Misc. 357, 128 N.Y.S.2d 254;

Corr v. Sun Printing and Publishing Ass'n, 177 N.Y. 131, 69 N.E. 288. *But see* Dall v. Time, Inc., 252 App.Div. 636, 300 N.Y.S. 680.

2. 8 Cir., 191 F.2d 901, 904.

depicted \* \* \* referred to plaintiff." It is, of course, one factor which the trier of fact may consider. In this case there were countervailing considerations which made the decision of the district judge not unreasonable.

■■ "Moonshine Light, Moonshine Bright" was an obvious work of fiction. It was listed in the fiction section of the Post index, was labeled fiction, and was illustrated by cartoons. The context in which the name appears is important because "[n]ames of characters portrayed in \* \* \* short stories \* \* \* and other obvious works of fiction are normally understood by all reasonable men as not intended to depict or refer to any actual person \* \* \*."[3] Of course the fictional setting does not insure immunity when a reasonable man would understand that the fictional character was a portrayal of the plaintiff. "Reputations may not be traduced with impunity, whether under the literary forms of a work of fiction or in jest."[4] But the marked dissimilarities between the fictional character and the plaintiff tend to support the District Court's finding against the reasonableness of an identification of the two. Among the factors considered were the difference in ages between the fictional Esco and the plaintiff,[5] the absence of the plaintiff from Columbia at the time of the episode, and the differences in employment between the fictional character and the plaintiff. Nor did the story parallel the plaintiff's life in any significant manner. Fox's use of actual place names and geographical settings does not militate against the common understanding of fiction as fiction only. Authors of necessity must rely on their own background and experiences in writing fiction.[6]

Under these circumstances the conclusion that "Esco Brooks" was not reasonably to be understood as a portrayal of Larry Esco Middlebrooks is not clearly erroneous.[7]

■ Complaint is also made of the introduction for impeachment purposes of postcards showing Middlebrooks' favorable reaction to Fox's book, *Southern Fried*, portraying an unsavory "Esco Middlebrooks." Plaintiff contends that a question asked Fox on deposition required the production of those postcards or, upon failure to produce them, their exclusion under Rule 37(b) (2) (ii) of the Federal Rules of Civil Procedure. The question on deposition called for the production of correspondence relating to any issue in the case. The cards in question made no reference to the Post story, and they became relevant only when the plaintiff testified that he had an unfavorable reaction to the use of his name in Fox's first book. The cards then became relevant for purposes of contradiction and impeachment only. The earlier failure to produce them did not foreclose their trial use for that narrow purpose.

Accordingly, the judgment of the district court is affirmed.

Affirmed.

---

3. Restatement (Second) of Torts, § 580, comment j. at 93. (Tent. Draft No. 12, 1966). *See also* Wheeler v. Dell Publishing Co., 7 Cir., 300 F.2d 372; Wright v. R.K.O. Radio Pictures, D.Mass., 55 F.Supp. 639; People on Complaint of Maggio v. Charles Scribner's Sons, 205 Misc. 818, 130 N.Y.S.2d 514; Landau v. C.B.S., 205 Misc. 357, 128 N.Y.S.2d 254.

4. Corrigan v. Bobbs-Merrill Co., 228 N.Y. 58, 126 N.E. 260, 262, 10 A.L.R. 662. *See also* Fetler v. Houghton Mifflin Co., 2 Cir., 364 F.2d 650.

5. Age differences between the fictional character and the plaintiff have been a significant factor in the following cases: Wheeler v. Dell Publishing Co., 7 Cir., 300 F.2d 372; Corr v. Sun Printing and Publishing Ass'n, 177 N.Y. 131, 69 N.E. 288.

6. *See* People on Complaint of Maggio v. Charles Scribner's Sons, 205 Misc. 818, 130 N.Y.S.2d 514.

7. Having taken this view, it is unnecessary to decide whether, as defendant contends, plaintiff was estopped to complain by his silence after receipt of the letter informing him of the change to the use of the name "Brooks." His silence, however, lends additional support to the District Court's finding.